(95 South. 148)
## McMILLON v. SKELTON. (6 Div. 683.)

(Supreme Court of Alabama. Jan. 4, 1923. Rehearing Denied Feb. 8, 1923.)

Appeal and error ⬤₅₃₇537—Bill of exceptions not presented in time ineffectual to review original judgment where no appeal was taken from judgment on motion for new trial.

Where the appeal was only from the original judgment assigning error, as an incident to such appeal, to the ruling upon the motion for a new trial, and the only bill of exceptions was not presented to the trial judge within 90 days after judgment, the appeal presented nothing for review, though, had the appeal been from the judgment on the motion for new trial, under Code 1907, § 2846, the bill of exceptions would have authorized review.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by Ophelia Skelton against Tillman McMillon. Judgment for plaintiff, and defendant appeals. Affirmed.

Theodore J. Lamar, of Birmingham, for appellant.

It is not essential that an appeal should be had from a judgment overruling a motion for a new trial, in order to give the Supreme Court jurisdiction to review the motion. 52 South. 829; 117 Ala. 285, 23 South. 6; 148 Ala. 88, 41 South. 1006; 60 South. 418; 104 Ala. 471, 16 South. 588; 132 Ala. 292, 31 South. 462; 144 Ala. 626, 39 South. 375. An appeal from the judgment could not be had, so long as the motion for new trial was pending. While the appeal bond recited that the appeal is taken from the judgment rendered at the October, 1921, term, the remedial provisions of Code, § 2885, should be read into the bond, making the appeal from the judgment which was not in fact final until the overruling of the motion for new trial. Code 1907, § 2885, and authorities; 148 Ala. 168, 41 South. 1012; 20 Ala. 54.

Frank S. White & Son, of Birmingham, for appellee.

The bill of exceptions not having been presented within 90 days from the date of the judgment, it cannot be considered. Code 1907, § 3019; 204 Ala. 240, 85 South. 501; 163 Ala. 423, 50 South. 886; 166 Ala. 274, 51 South. 969. The appellant, having failed to take an appeal from the judgment overruling motion for new trial, has no right to have such action reviewed. 163 Ala. 422, 51 South. 15; 204 Ala. 240, 85 South. 501.

ANDERSON, C. J. The bill of exceptions was not presented to the trial judge within 90 days after the judgment, and cannot therefore be looked to in passing upon the rulings on the main trial. King v. Hill, 163 Ala. 422, 51 South. 15. It is true that, though a bill of exceptions may not be signed or presented in time to review the original judgment in a cause, yet, if it is presented and signed within the time required by law after a judgment upon a motion for a new trial, the said bill may be looked to in reviewing said judgment upon the motion for a new trial. Cassell's Mill Co. v. Strater Bros., 166 Ala. 274, 51 South. 969. In order, however, to review said judgment upon the motion for a new trial, when the bill of exceptions cannot be considered to review the original judgment, there must be an appeal from the judgment upon the motion as distinguished from the original judgment. Sloss-Sheffield Co. v. Sampson, 204 Ala. 240, 85 South. 501. The appeal in this case is taken from the original judgment, and not the one rendered upon the motion. It is from the judgment rendered at the "Oct. term, 1921," against the defendant for the land and rental damages, and not the one rendered upon the motion January 21, 1922, during another term.

The report of the case of Cassell's Mill Co. v. Strater Bros., 166 Ala. 274, 51 South. 969, does not show that the appeal was from the judgment upon the motion, but we have examined the original record, and it shows that the appeal was taken both from the main judgment and the one upon the motion. In the case of Liverpool & London & Globe Ins. Co. v. Lowe (Ala. Sup.) 93 South. 765,[1] the appeal was from both the original and

the judgment upon the motion for a new trial. In the cases of McCarver v. Doe, 135 Ala. 542, 33 South. 486, Montgomery Traction Co. v. Knabe, 158 Ala. 458, 48 South. 501, and Karter v. Peck, 121 Ala. 636, 25 South. 1012, the appeal was from the judgment rendered upon the motion for a new trial. It may be that there are cases, which we cannot now recall, where the court reviewed the judgment upon the motion, though the bill of exceptions did not authorize the review of the original judgment, and notwithstanding the appeal was not from the judgment upon the motion, but if such is the case it was inadvertently done, and we now adhere to the rule followed in the case of Sloss-Sheffield Iron Co. v. Sampson, 204 Ala. 240, 85 South. 501.

It is no doubt true that a party can appeal from the original judgment and assign error, as an incident to his appeal, to the ruling upon his motion for a new trial, but when this is done he must have a valid bill of exceptions authorizing a review of the original judgment, or he may, if he sees fit to do so, or if he has lost his right to review the original judgment, appeal from the judgment upon the motion for a new trial, and by a timely bill of exceptions review the ruling upon the motion under the terms of section 2846 of the Code of 1907 as amended by subsequent acts. Karter v. Peck, 121 Ala. 636, 25 South. 1012; Cobb v. Malone, 92 Ala. 630, 9 South. 738. He cannot, however, lose or forfeit his right to review the original judgment and then review the judgment upon the motion without having taken an appeal from said last judgment.

As the bill of exceptions cannot be looked to for reviewing the original judgment, and as there was no appeal from the judgment upon the motion for a new trial, it can serve no purpose, and the appellee's motion to strike is sustained, and the judgment of the circuit court must be, and is accordingly, affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.