(96 South. 753)

**GENERAL ORDNANCE CO. v. BOWEN.**
(5 Div. 837.)

(Supreme Court of Alabama.    June 7, 1923.)

1. **Appeal and error ⬅➖637—Seasonable presentation of bill of exceptions is jurisdictional fact, taken notice of by court ex mero motu.**

The seasonable presentation of the bill of exceptions after the rendition of the judgment appealed from is a jurisdictional fact, and the court ex mero motu takes notice thereof.

2. **Exceptions, bill of ⬅➖36(3)—Late bill to original judgment not saved by overruling motion for new trial within the period.**

Where the appeal expressly stated it was from a judgment rendered October 3, 1921, and the bill of exceptions was not presented until September 11, 1922, the fact that a motion for a new trial was overruled August 29, 1922, does not save the bill of exceptions.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action by the General Ordnance Company against F. L. Bowen. From a judgment for defendant, plaintiff appeals. Affirmed.

Thomas G. Hilyer, of Tallassee, and Holloway & Hill and R. T. Rivers, all of Montgomery, for appellant.

Counsel argue the points raised, but in view of the decision it is not necessary to set out the brief.

Holley & Milner, of Wetumpka, for appellee.

Where the appeal is from the original judgment and the bill of exceptions was not presented to the trial judge within 90 days, the appeal presents nothing for review. McMillon v. Skelton, 208 Ala. 693, 95 South. 148; S.-S. S. & I. Co. v. Sampson, 204 Ala. 240, 85 South. 501. The seasonable presentation of a bill of exceptions, to be evidenced by the bill itself, is a jurisdictional fact, of which the court takes notice ex mero motu, without which the bill cannot be considered for any purpose. Rowe v. State, 17 Ala. App. 18, 81 South. 354; Sharp v. Hughes, 202 Ala. 510, 80 South. 798; Box v. Sou. Ry. Co., 184 Ala. 598, 64 South. 69; Code 1907, § 3019.

GARDNER, J.  Suit by appellant against appellee upon promissory notes. There was verdict and judgment for defendant, the judgment being rendered on October 3, 1921. The appeal was taken September 5, 1922, by filing an appeal bond expressly disclosing by its recitals that the appeal is from the judgment rendered October 3, 1921. Nor do we discover anything in the record, including the citation of appeal and certificate of the clerk, in contradiction or qualification of this recital.

[1] The bill of exceptions was presented September 11, 1922, and came too late. The seasonable presentation of the bill of exceptions is a jurisdictional fact, and the court ex mero motu takes notice thereof. Box v. Southern Ry. Co., 184 Ala. 598, 64 South. 69; Sharpe v. Hughes, 202 Ala. 510, 80 South. 798. The bill of exceptions cannot be looked to, therefore, in consideration of any rulings of the court upon the main trial.

[2] It appears there was a motion for a new trial filed October 14, 1921, which was overruled August 29, 1922, and, had the appeal been prosecuted from the judgment overruling the motion for a new trial, the bill of exceptions would properly have been considered in reviewing such judgment. McMillan v. Skelton, 208 Ala. 693, 95 South. 148. But, as previously stated, the appeal is from the original judgment, and not from the judgment overruling the motion for a new trial. Under these circumstances, the cases of McMillan v. Skelton, supra, and Sloss-Sheffield S. & I. Co. v. Sampson, 204 Ala. 240, 85 South. 501, are conclusive to the effect that the bill of exceptions is not to be considered.

The only matters presented and argued on this appeal are those presented by the bill of exceptions, and it therefore results that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

⬅➖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes