(98 South. 784)

### HALE v. WORTHINGTON et al.
### (6 Div. 995.)

(Supreme Court of Alabama. Jan. 17, 1924.)

1. Exceptions, bill of ⚏32(3)—May be signed only by trial judge during his term of office.

Bill of exceptions may be signed only by the judge who presided at the trial, and that only while he is in office.

2. Exceptions, bill of ⚏55(1)—May, under given circumstances, be established in Supreme Court.

When presentation or signing of bill of exceptions, in time required by law, is prevented by expiration of term of office of presiding judge, the bill may be established in the Supreme Court pursuant to Code 1907, § 3022, as amended by Acts 1915, p. 816.

3. Appeal and error ⚏655(2)—Exceptions, bill of ⚏60(1)—Bill not signed in statutory time to be stricken on motion.

Bill of exceptions, not being signed within 90 days after presentation, as required by Code 1907, § 3019, is to be stricken on motion.

4. Appeal and error ⚏544(1)—Bill of exceptions necessary for review of ruling on evidence.

Ruling on admission of evidence is not subject to review without bill of exceptions.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action for damages by James A. Hale, as administrator of Texanna Kinnaird, de-

---

⚏For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ceased, against W. J. Worthington and another. From a judgment for defendants, plaintiff appeals. Affirmed.

William F. Spencer, of Birmingham, for appellant.

Counsel argue the merits of the cause, but in view of the decision it is not necessary to set out the brief.

W. T. Edwards, of Birmingham, for appellees.

The bill of exceptions was not signed by the presiding judge, nor signed within 90 days after presentation, and should be dismissed.

BOULDIN, J. The record shows that Hon. J. Q. Smith presided at the trial of the cause in the circuit court of Jefferson county. The bill of exceptions was signed by Hon. Joe C. Hail, who succeeded Judge Smith in office.

[1] Only the judge who presided at the trial has power to sign a bill of exceptions. He can do so only while in office.

[2] When the presentation or signing of the bill of exceptions within the time required by law is prevented by the expiration of the term of office of the presiding judge, the bill of exceptions may be established under the provisions of section 3022, Code of 1907, as amended by Act of September 25, 1915 (Gen. Acts 1915, p. 816).

[3] It is further shown that the bill of exceptions was presented March 31, 1923, and signed July 2, 1923, more than 90 days after presentation. The motion to strike on that ground is also good. Code 1907, § 3019; Ex parte Hill, 205 Ala. 631, 89 South. 58. The motion to strike the bill of exceptions must therefore be sustained.

[4] The sole question presented in brief of appellant's counsel is the ruling of the trial court on the admission of evidence. It is not subject to review without a bill of exceptions.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.