(102 So. 701)

### SHAW v. KNIGHT. (1 Div. 280.)

(Supreme Court of Alabama. Jan. 15, 1925.)

**1. Appeal and error ⬤⟹537—Bill of exceptions considered in review of judgment on motion for new trial.**

In review of judgment on motion for new trial, bill of exceptions *held* to be considered under Code 1923, § 6088.

**2. Appeal and error ⬤⟹867(1)—Errors at trial not within purview of appeal from order on motion for new trial.**

On appeal from judgment on motion for new trial, errors occurring on main trial are not within purview of appeal, except as they affect propriety of order on motion.

**3. Appeal and error ⬤⟹302(1)—That trial was by "piece meal" held not good objection.**

Objection on motion for new trial that plaintiff was injured by trial of cause by "piecemeal" is without merit, where various suspensions of trial were pursuant to agreement, of parties.

**4. Appeal and error ⬤⟹966(2) — Refusal of continuance for absence of reporter held not reversible error.**

Refusal of continuance, sought because of absence of court reporter, is not reversible error, where abuse of discretion is not shown.

**5. New trial ⬤⟹102(1)—Newly discovered evidence not ground for new trial, where due diligence not shown.**

Newly discovered evidence is not ground for new trial, where it is not shown that due diligence was unavailingly used before trial.

**6. Appeal and error ⬤⟹850(1)—Sufficiency of evidence to support special findings by court considered.**

Since amended statute (Code 1907, § 5361) consideration of special findings of fact by court extends to whether, from evidence, court correctly found facts, whereas prior thereto consideration extended only to whether facts as found supported judgment.

**7. Appeal and error ⬤⟹219(2)—That court's special findings were not sufficient in detail not considered, where not raised below.**

Under Code 1907, § 5361, objection to court's special findings of fact, on ground that they are not sufficient in detail, will not be considered, where it is not presented to trial court.

**8. Appeal and error ⬤⟹302(5)—Ground of motion too general to raise objection that court's special findings were insufficient in detail.**

Ground in motion for new trial, that "court failed to render decision according to law and request of plaintiff's counsel," is too general to raise objection that court's special findings of fact were insufficient in detail.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Action by L. E. Shaw against W. S. Knight. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 210 Ala. 700, 98 So. 921.

Granade & Granade, of Chatom, for appellant.

The finding of facts by the trial judge is incomplete. Code 1923, § 9500. The appellate court will review the trial court's findings and conclusion on all the facts. Code 1923, § 9502; Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 So. 1026.

Joe M. Pelham, Jr., of Chatom, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellant sued appellee in assumpsit on common counts, and, also, for the recovery of the value of certain timber belonging to plaintiff, alleged to have been cut by defendant, and for statutory penalty therefor.

Defendant pleaded the general issue, payment, and set-off. The cause was tried before the court without a jury, and special finding of facts was requested. Section 9500, Code 1923. The court found against a recovery by the plaintiff on any of his counts, and against a recovery by defendant on his plea of set-off, and rendered judgment accordingly, from which plaintiff has prosecuted this appeal.

[1] The judgment was rendered December 14, 1922, after which motion for a new trial was presented. Judgment denying the motion for new trial was entered September 1, 1923, and bill of exceptions presented November 23, 1923. The appeal is expressly taken from the judgment denying the motion for new trial, and the bill of exceptions is to be considered in a review of the judgment on said motion. McMillon v. Skelton, 208 Ala. 693, 95 So. 148; General Ordnance Co. v. Bowen, 209 Ala. 574, 96 So. 753; Dees v. Lindsey Mill Co., 210 Ala. 183, 97 So. 647; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; section 6088, Code 1923.

[2-4] It is well settled, however, that:

"An appeal from an order granting a new trial brings up for revision only the order appealed from, and does not extend to the correction of errors occurring in the main trial; such errors, if they exist, can be considered only as they affect the propriety of the order granting the new trial." Karter v. Peck, 121 Ala. 636, 25 So. 1012.

We need only consider, therefore, the matters presented by the several grounds set out in the motion for a new trial; all other questions argued as upon the main trial not being within the purview of this appeal. The trial

was begun on October 20, 1922, and after the taking of some of the evidence was suspended to November 16 thereafter, and on this latter date was further suspended to November 27; all of which appears from this record to have been done pursuant to agreement of the parties. That ground of the motion, therefore, to the effect that plaintiff was injuriously affected by the trial of the cause by "piecemeal" is clearly without merit. Nor do we find any reversible error in the action of the court proceeding with a consideration of the cause on November 27th, notwithstanding the absence of the court reporter at that time. The refusal of a continuance on this ground was a matter resting in the sound discretion of the trial court, and no abuse of this discretion is shown.

[5] As to the ground of newly discovered evidence, aside from any other question, it was not shown that "due diligence had been unavailingly used by the movant prior to the trial." Gilbreath v. Bain, ante, p. 100, 101 So. 762.

The evidence was in sharp conflict. The trial court saw and heard the witnesses, and, under the rule long prevailing here, his conclusion on the facts will not be disturbed, unless plainly wrong. A discussion of the evidence would serve no useful purpose. Suffice it to say it has been carefully examined, and the conclusion reached that the judgment rendered should not be disturbed upon the ground that it is contrary to the evidence.

[6] Prior to the amended statute (section 5361, Code 1907), it was the uniform holding of this court that the consideration on appeal of a special finding of facts by the court was confined to the question whether the facts as found were sufficient to support the judgment, and this court would not go behind the facts as found by the court to see whether or not from the evidence introduced it correctly found the facts. However, since the amendment of the statute, the ruling is now otherwise, and the court examines the evidence in the cause and reviews the trial court thereon, although there has been a special finding of facts. Jones v. Hines, 205 Ala. 145, 87 So. 531. As thus amended and construed, the usefulness of the statute from a practical standpoint may be questioned, but that is a matter not here for determination. It may be observed in this connection that a new provision in reference to this subject is presented by section 9501, Code 1923.

[7, 8] Appellant complains that the finding of facts by the trial court was not sufficient in detail. Germania Fire Ins. Co. v. Kitchens, 201 Ala. 674, 79 So. 246. Whether so or not, under the previous rulings, prior to the amended statute, we need not determine, for under the construction given to the statute as it now exists, placing upon this court the duty to review the conclusions of the trial court upon all the facts, if any party has objection to the finding of facts upon the ground of its insufficiency, it should be presented to the trial court for correction. The ground of the motion to the effect that the court "failed to render a decision according to the law and the request of plaintiff's counsel" is too vague and general for this purpose. The conclusion reached in this respect appears to harmonize with the provision of section 9501, supra. The overruling of this ground of the motion for new trial presents no reversible error.

We have here reviewed the various grounds set out in the motion for a new trial, and find therein no cause for a reversal, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.