Appeal from Circuit Court, Henry County; H. A. Pearce, Judge. Possessing still.

RICE, J. Appeal dismissed.

---

(106 So. 915)

Levy DAVIS v. STATE. (4 Div. 102.) (Court of Appeals of Alabama. Nov. 10, 1925.) Appeal from Circuit Court, Coffee County; W. L. Parks, Judge. Violating prohibition law.

BRICKEN, P. J. Appeal dismissed.

---

(108 So. 922)

Tom DEAL v. STATE. (6 Div. 14.) (Court of Appeals of Alabama. April 27, 1926.) Appeal from Circuit Court, Pickens County; John McKinley, Judge. First degree manslaughter.

BRICKEN, P. J. Appeal dismissed; appellant a fugitive from justice.

---

(107 So. 925)

Jim DELASHAW v. STATE. (8 Div. 290.) (Court of Appeals of Alabama. March 23, 1926.) Appeal from Lawrence County Court; W. R. Jackson, Judge. Jim Delashaw was convicted of public drunkenness, and he appeals. Affirmed. E. B. Downing, of Moulton, for appellant. Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

In view of the decision, it is not necessary that brief be here set out.

The motion to strike the bill of exceptions should be granted. Code 1923, § 6433.

BRICKEN, P. J. At the July, 1924, term of the circuit court, this appellant was indicted charged with the offense of public drunkenness. The trial was had on October 27, 1924, and from the judgment of conviction he appealed. The cause is here submitted on motion by the state to strike the bill of exceptions on the grounds that it was not presented within the 90 days as the law requires. The indorsement of presentation of the bill of exceptions to the trial judge bears date January 26, 1925. The trial was had and judgment rendered on October 27, 1924. Thus it affirmatively appears that 91 days expired before the presentation of the bill of exceptions. The motion to strike must therefore be granted, and the bill of exceptions is accordingly stricken. Code 1923, §§ 6433, 6434. Notwithstanding this order, we have read the bill of exceptions contained in the transcript and find that the evidence was in conflict and presented a clear cut issue of fact for the determination of the jury. It is apparent as a consequence that the defendant has suffered no injury by the order striking his bill of exceptions, as no error of a reversible nature appears. The record proper is regular and without error. Motion granted. Affirmed.

---

(110 So. 919)

H. R. DENTON et al. v. BYNUM BROS. (6 Div. 962.) (Court of Appeals of Alabama.

Nov. 2, 1926.) Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

SAMFORD, J. Appeal dismissed on motion of appellants.

---

(106 So. 915)

Alphonse DICKINSON v. STATE. (1 Div. 631.) (Court of Appeals of Alabama. Dec. 15, 1925.) Appeal from Circuit Court, Mobile County; J. W. Goldsby, Judge. Violating prohibition law. Gaillard, Mahorner & Arnold and A. J. Kearley, all of Mobile, for appellant. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. There is no legal evidence connecting the defendant with the possession of the whisky charged to have been in his possession. The general charge should have been given for defendant, as requested. The judgment is reversed, and the cause is remanded. Reversed and remanded.

---

(106 So. 915)

John DIGGS v. STATE. (4 Div. 62.) (Court of Appeals of Alabama. Nov. 17, 1925.) Appeal from Circuit Court, Barbour County; J. S. Williams, Judge. Burglary. See, also, 20 Ala. App. 213, 101 So. 357.

SAMFORD, J. There is no bill of exception, and, no error appearing in the record, the judgment is affirmed.

---

(106 So. 915)

Tom DILL v. STATE. (6 Div. 753.) (Court of Appeals of Alabama. Dec. 8, 1925.) Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge. Violating prohibition law.

SAMFORD, J. Affirmed.

---

(106 So. 915)

Milton DIXON et al. v. STATE. (4 Div. 147.) (Court of Appeals of Alabama. Nov. 10, 1925.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge. Burglary.

BRICKEN, P. J. Appeal dismissed.

---

(108 So. 922)

Jeff DIXON v. STATE. (1 Div. 649.) (Court of Appeals of Alabama. April 20, 1926.) Appeal from Circuit Court, Mobile County; J. W. Goldsby, Judge. Distilling.

BRICKEN, P. J. The indictment in this case is in proper form and substance. It contains two counts. The first count charges this appellant with unlawfully distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. The second count charges the unlawful possession of a still, etc. There was a general verdict of guilty as charged in the indictment. Judgment was pronounced and entered accordingly; the defendant being sentenced to serve an indeterminate term of im-