### FARMERS' BANK OF LUVERNE v. GIBSON. (4 Div. 184.)

(Court of Appeals of Alabama. April 20, 1926. Rehearing Denied May 18, 1926.)

1. **New trial 156—Where trial and judgment were had March 4, 1925, abortive, irregular, and imperfect continuance of motion for new trial by indorsement on motion "3/16/25 continued," signed by judge, was cured by opposing party taking part in hearing without objection on June 8th.**

Where trial and judgment were had March 4, 1925, abortive, irregular, and imperfect continuance of motion for new trial by indorsement on motion "3/16/25 continued," signed by judge, was cured by opposing party failing to object to and taking part in hearing on motion on June 8th.

2. **Appeal and error 528(1)—Under statute providing that court's decision on motion for new trial be included in bill of exceptions, which shall be part of record, judgment overruling motion must be incorporated in bill, and need not appear elsewhere (Code 1923, § 6088).**

Under Code 1923, § 6088, providing that court's decision on motion for a new trial shall be included in the bill of exceptions, which shall be a part of the record, judgment overruling motion for new trial must be incorporated in the bill of exceptions to be reviewable on appeal, but need not appear elsewhere.

3. **Appeal and error 874(5)—Bill of exceptions, signed within time required as regards judgment on motion for new trial, is sufficient to present for review rulings on trial of original cause, as well as on motion (Code 1923, § 6433).**

Bill of exceptions, presented and signed within required time as regards judgment on motion for new trial, is sufficient to preserve and present for review rulings on trial of original cause, as well as on motion for new trial, under Code 1923, § 6433.

4. **Evidence 151(1).**

Interrogating witness as to undisclosed motive, intention or purpose *held* not permissible.

5. **Witnesses 372(2)—Question, "What did he give you to swear in this case?" held objectionable because assuming witness was paid some amount, when there was no evidence that such was fact.**

Question, "What did he give you to come up here and swear in this case?" *held* objectionable because assuming that witness was paid some amount, when there was no evidence that such was the fact.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Action in detinue by the Farmers' Bank of Luverne against R. L. Gibson. From a judgment for defendant, plaintiff appeals, and defendant moves to strike the bill of exceptions. Motion overruled, and judgment affirmed.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On cross-examination by plaintiff of defendant's witness Styron, this question, defendant's objection to which was sustained, was propounded to the witness: "What did he (defendant) give you to come up here and swear in this case?"

W. H. Stoddard, of Luverne, for appellant.

It is competent to show that a party paid the transportation fees, etc., of a witness. Moore v. N., C. & St. L. R. Co., 137 Ala. 504, 34 So. 617; A. G. S. R. Co. v. Johnston, 128 Ala. 283, 29 So. 771; Southern Ry. Co. v. Crowder, 130 Ala. 265, 30 So. 592; Southern Ry. v. Morris, 143 Ala. 628, 42 So. 17; Rivers v. State, 97 Ala. 72, 12 So. 434. Counsel argues other questions, but without citing additional authorities.

Frank B. Bricken, of Luverne, for appellee.

After the lapse of 30 days the court had no power to set aside the judgment. First Nat. Bank v. Morrow, 19 Ala. App. 459, 98 So. 34. The bill of exceptions was not presented in time, and should be stricken.

RICE, J. This was a suit in detinue by appellant (plaintiff in the court below) against appellee (defendant) for the recovery of certain items of personal property. From a judgment in favor of the appellee for the costs, this appeal is prosecuted.

[1] The case was tried and judgment entered on March 4, 1925. Thereafter plaintiff filed its motion for a new trial, which was indorsed "3/16/25 continued, Gamble, Judge." On June 8, 1925, according to the recitals in the bill of exceptions, the motion was called, and both plaintiff and defendant offered testimony on the hearing; no objection to the said hearing being interposed by defendant. While the order of continuance of said motion was irregular, abortive, and imperfect, yet the action of the appellee in failing to object to the hearing on June 8th, and in taking part in same cured this defect.

[2, 3] The bill of exceptions is indorsed: "Presented to the undersigned by plaintiff on this, the 5th day of September, 1925. [Signed] J. Ray Hudgens, Clerk of the Circuit Court, Crenshaw County, Alabama"—and shows to have been signed and approved by the trial judge as a correct bill of exceptions on September 12, 1925.

Appellee moves to strike the bill of exceptions on the ground that the judgment overruling the motion for a new trial is shown only by the bill of exceptions, and cannot be considered as the judgment from which the appeal is prosecuted, and that the bill of exceptions shows not to have been presented in accordance with law within 90 days from the date of the only judgment shown by the record proper.

The said motion must be and is overruled. The judgment overruling the motion for a new trial is required to be incorporated in the bill of exceptions in order to be reviewable on appeal. Code 1923, § 6088. Birmingham Water Works Co., v. Justice, 204 Ala. 547, 86 So. 389. This being so, it is not requisite for it to appear at any other place. By express provision of Code 1923, § 6088:

"The decision of the court (on the motion for a new trial) shall be included in the bill of exceptions which shall be a part of the record in the cause."

The bill of exceptions, being presented and signed within the required time as regards the judgment on appellant's motion for a new trial, will be sufficient to preserve and present for review the rulings of the trial court on the trial of the original cause, which are shown therein, as well as the ruling of the court on the motion for a new trial. Code 1923, § 6433.

[4, 5] The plaintiff claimed title as mortgagee under two mortgages executed by R. M. Gibson and wife to appellant. The property was seized by the sheriff under a writ of detinue. After seizure the defendant executed a forthcoming bond, and the property was delivered to him. The case was tried upon the general issue non detinet, and resulted in a verdict and judgment for the defendant. The evidence was in sharp conflict; that for the plaintiff tending to show that the property in suit was the defendant's, and was covered by and included in the mortgages held by plaintiff; that for the defendant tending to show that the property sued for was not that included in plaintiff's mortgages, but that it belonged to defendant's sons.

Only a few exceptions reserved during the taking of testimony present any matters for our decision. We have examined each of them, and are of the opinion that none of them have merit. Clearly it was not permissible to interrogate the witness W. A. Gibson as to his undisclosed motive, intention, or purpose. The question to the witness Styron was likewise clearly objectionable because of the assumption which it carried that the witness was paid some amount by defendant, when there was no evidence that such was the fact.

We find no error in the action of the trial court in overruling appellant's motion for a new trial, nor in any other particular, and there being none in the record, the judgment will be affirmed.

Affirmed.

BRICKEN, P. J., concurs in conclusion.