(112 So. 305)

## J. H. ARNOLD & CO. v. JORDAN.
### (7 Div. 709.)

Supreme Court of Alabama. March 24, 1927.

Rehearing Denied April 21, 1927.

1. **Exceptions, bill of ⊚⇒36(3)—Motion for new trial extends time for presenting bill of exceptions for 90 days after action thereon (Code 1923, §§ 6122, 6433).**

Under Code 1923, § 6433, making motion for new trial extended time for presenting bill of exceptions, in accordance with section 6122, until 90 days after action on such motion.

2. **Bills and notes ⊚⇒502 — Defendant in action on nonnegotiable notes held properly permitted to testify that he did not authorize insertion of due date (Code 1923, § 9042).**

In action to recover on notes given for purpose of making good any loss on cotton consigned to payee, permitting defendant to state that he did not authorize anybody to put due date on notes *held* not reversible error, since notes were nonnegotiable, and amount and time of payment, being uncertain until sale of cotton, rebutted any prima facie authorization, under Code 1923, § 9042, to fill in blank of due date.

3. **Indemnity ⊚⇒15(8)—Instruction precluding payee's recovery on notes, covering loss on cotton consigned to him, if he induced maker to continue with contract by denying receipt of letter authorizing sale, held proper under evidence.**

In action on notes given to cover loss of cotton consigned to payee, instruction that recovery could not be had if plaintiff received defendant's letter requesting sale of cotton, and plaintiff induced defendant to go on with original contract by denying receipt of letter, *held* not erroneous, in view of evidence tending to establish that there was no acquiescence or ratification after full knowledge of payee's failure to sell cotton in accordance with terms of letter.

4. **Indemnity ⊚⇒15(8)—Instruction limiting recovery to amount lost on cotton, for which notes were given as security, held warranted by stipulation in notes to that effect.**

In action on notes given to cover loss on cotton consigned to payee, instruction that face amount of notes should not be considered as basis for recovery, but amount rightfully lost on cotton, if any, on sale thereof, *held* warranted by written stipulation of parties on face of notes to effect that they were given for purpose of making good any loss of such cotton.

5. **Trial ⊚⇒256(2)—If charges are misleading, explanatory charges should be requested.**

If charges relative to jury being authorized to disregard testimony entirely, on believing that witness has willfully sworn falsely concerning any material fact, were subject to misleading tendencies, explanatory charges should have been requested.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action on promissory notes and on account by J. H. Arnold, doing business as J. H.

Arnold & Co., against L. C. Jordan. From a judgment over for defendant, plaintiff appeals. Affirmed.

One of the notes sued on, as shown by the record, bears date February 21, 1924, and reads:

"On the 1st day of June, 1924, without grace, for value received, I promise to pay to the order of J. H. Arnold & Co. $1,000. This note is given for the purpose of making good any loss that may be in 120 bales of cotton consigned to them,"

—followed by waiver of exemptions.

The other note is dated "February 27/24," and reads in part:

"On the July 1st day of 1924, without grace, for value received, I promise to pay to the order of J. H. Arnold & Co. five hundred and no/100 dollars. This note is given to make good any loss if any should be when cotton is sold."

Defendant's pleas C and S are as follows:

"C. Further answering the complaint in this case, the defendant alleges that he consigned to the plaintiff at Gadsden, Ala., 120 bales of cotton. That the plaintiff advanced him on said cotton 31 cents per pound, and that it was agreed and understood by and between the plaintiff and defendant that the plaintiff would pay the defendant more than that price according to the price of cotton at the time the defendant chose to sell said cotton; or, if, at the time said cotton might be sold upon the order of the defendant, cotton was worth less than 31 cents per pound, the defendant would repay to the plaintiff the difference between said 31 cents per pound and the price said cotton was sold at; and the defendant avers that the notes here sued were executed by the defendant for the purpose securing the plaintiff against any loss there might be to the plaintiff by reason of a decline in the price of cotton, and the defendant avers that there was not such a decline in the price of cotton as to make him liable on the notes here sued on. And the defendant further avers that, from time to time, while cotton was selling at a good price, to wit, 34 cents, 35 cents, and 30½ cents per pound, he advised and instructed the plaintiff to sell said cotton, which would have netted him a fair sum over the 31 cents per pound advanced by him to the plaintiff. And the defendant further avers that instead of the defendant being due the plaintiff upon the notes here sued on, the plaintiff is indebted to him in the sum of $1,771, which he here offers to set off, and prays a judgment over against the plaintiff for said sum.

"S. The defendant, for further answer to the first count of the complaint, says that in the fall of 1923 he sold to the plaintiff 120 bales of cotton. The plaintiff advanced to the defendant 31 cents per pound for the said cotton and agreed with the defendant that a settlement would be made at any date in the future agreeable to the defendant, and that, if, at the time such settlement was made, cotton was worth more than 31 cents, the defendant should be paid by the plaintiff the difference between the price of cotton at the time such settlement and said

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

31 cents per pound, and, if at the date of such settlement cotton was worth less than 31 cents per pound, the defendant would pay plaintiff the difference between said price at the time of settlement and said 31 cents per pound. That a certain date was set for settlement beyond which the contract should not run, without the consent of the parties, but with the understanding and agreement that the contract could not be closed prior to that date without the consent of the defendant. The defendant further avers that the notes here sued on were given by him to protect the plaintiff against any loss which he might sustain in the event there should be a loss to the plaintiff when said settlement was had. And the defendant avers that, by agreement between the parties hereto, the date set for a settlement on 60 bales of said cotton was July 25, 1924, and that the plaintiff in violation (of) his said agreement closed out said contract some time in June of said year, without the consent and over the protest of this defendant, when cotton was worth 28 cents, whereas on the 25th day of July, when it was agreed that said settlement would be made, cotton was worth and was selling at 35 cents per pound, and that the plaintiff is indebted to him in the sum of $1,200 for the difference between the price of 31 cents and 35 cents, and the defendant prays a judgment for said sum."

Plea D avers that the notes in suit as originally made contained no due date, and that after execution said notes were materially altered by inserting therein a due date for same, by reason of which alteration the notes are void.

The letter of January 27, 1924, is as follows:

"J. H. Arnold & Co., Gadsden, Ala.—Gentlemen: Since our talk over phone yesterday and you so strongly advise holding for better price, I have decided to hold for 34 cents.

"I am leaving for Florida tomorrow. Will be gone about 30 days. If you can get 34 cents for my cotton sell all of it.

"I am leaving the warehouse receipts with the First National Bank here, so if you sell call Mr. G. I. Weatherly at my expense and he will send them to you. As I told you yesterday, I don't care to hold this cotton much longer. Please do the best you can for me, and it will be greatly appreciated."

These charges were given at defendant's request:

"(1) I charge you, gentlemen of the jury, that, if you believe that witness McCall has willfully sworn falsely concerning any material fact in this cause, then you are authorized to disregard his testimony entirely.

"(2) I charge you, gentlemen of the jury, that, if you believe any witness has willfully sworn falsely concerning any material fact in this case, then you are authorized to disregard his testimony entirely.

"(3) I charge you that, if you believe from the evidence in this case that J. H. Arnold & Co., the plaintiff, received the original letter dated January 27, 1924, by Jordan and requesting Arnold to sell the 120 bales of cotton when it reached 34 cents, and that by denying getting that letter, Arnold induced Jordan to go on

with the contract, then the plaintiff should not recover on the notes but the defendant would be entitled to an accounting of 3 cents on the pound, plus the $500 he had paid in money.

"(4) In considering this case, you should not consider the face amount of the notes as a basis, but the amount rightfully lost on the spot cotton, if any, upon a sale of the cotton, because under the evidence the notes were given to secure the plaintiff against loss on a sale of the cotton. If he lost nothing on a sale of the cotton, he would be entitled to nothing on the notes; and if Jordan had paid him $500 for the same purpose, Arnold should account for that, also, if he did not lose on a sale of the cotton."

H. T. Bailey, of Ft. Payne, and O. R. Hood, of Gadsden, for appellant.

The bill of exceptions was presented and signed within the time required. Code 1923, § 6433; Farmers' Bank v. Gibson, 21 Ala. App. 389, 108 So. 628. It was error to overrule objection to the question to defendant whether he authorized any one to put due date in the note in suit. Code 1923, §§ 9041, 9042. Counsel discuss other questions, but without citing additional authorities.

John B. Isbell and Chas. J. Scott, both of Ft. Payne, for appellee.

Defendant was properly permitted to testify that neither he nor any one authorized by him filled in the blanks in the note. Charges 1 and 2 are correct. Walls v. Decatur Co., ante, p. 426, 111 So. 214.

THOMAS, J. The appeal is from the original judgment, and not the ruling on the motion for a new trial. The trial was had on August 11, 1926, and motion for a new trial made on August 24, 1926; heard and overruled on August 27, 1926. The bill of exceptions was presented and signed by the trial judge on November 19, 1926, and was filed with the clerk on December 21, 1926.

It is provided by statute that either party may, by bill of exceptions, reserve for review the rulings touching the matter in controversy which would not otherwise appear of record, "such bill to be presented to the judge within ninety days after the entry of the decree or judgment" (section 6122, Code of 1923); and that "bills of exceptions may be presented to the judge or clerk at any time within ninety days from the day on which the judgment is entered, and not afterwards," etc. (section 6433, Code of 1923). Section 3019 of the Code of 1907 was amended by the addition of the provision:

"Presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial,"

—and became section 6433 of the Code of 1923. That statute was of force and effect.

by virtue of the Governor's proclamation of date of August 17, 1924. The changes in the statutes were adverted to in U. S. Cast I. -P. & F. Co. v. Williams, 213 Ala. 115, 104 So. 28; Ettore v. State, 214 Ala. 99, 106 So. 508; Farmers' Bank v. Gibson (Ala. App.) 108 So. 628;[1] Godfrey v. Vinson (Ala. Sup.) 110 So. 13;[2] Hale v. Worthington, 210 Ala. 544, 98 So. 784; Summit Coal Co. v. Walker, 214 Ala. 332, 107 So. 905; Delashaw v. State, 21 Ala. App. 667, 107 So. 925.

[1] The appellate court may, on motion of a party to the record, or his attorney, strike a bill of exceptions from the record because it is not presented or signed within the time required by law. Section 6434, Code of 1923; Ettore v. State, 214 Ala. 99, 106 So. 508. The making of the motion for a new trial, under the statute, extended the time for presenting the bill of exceptions. The cases of Sloss-Sheffield Steel & Iron Co. v. Sampson, 204 Ala. 240, 85 So. 501, Lewis v. Martin, 210 Ala. 401, 412, 413, 98 So. 635, McMillon v. Skelton, 208 Ala. 693, 95 So. 148, Atlantic Coast Line R. Co. v. Burkett, 207 Ala. 344, 92 So. 456, Massey v. Pentecost, 206 Ala. 411, 90 So. 866, Shipp v. Skelton, 193 Ala. 658, 69 So. 102, Nat. Pyrites & Copper Co. v. Williams, 206 Ala. 4, 89 So. 291, Sorsby v. Wilkerson, 206 Ala. 191, 89 So. 657, Pippin v. Perry, 206 Ala. 582, 91 So. 307, Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765, Shaw v. Knight, 212 Ala. 356, 102 So. 701, and General Ordnance Co. v. Bowen, 209 Ala. 574, 96 So. 753, were under section 3019 of the Code of 1907.

The facts of McMillon v. Skelton, 208 Ala. 693, 95 So. 148, were under the Code of 1907, and that decision does not rule this case under the changed statutes of 1923. The purpose of the change in the statute was to avoid the confusion or uncertainty that may have been suggested in the foregoing authorities. The motion to strike the bill of exceptions is overruled.

[2] The trial court committed no reversible error in permitting the question and answer by *defendant:*

"Q. Did you authorize anybody to put that due date in there? A. I did not."

The question was by defendant, the objection by "plaintiff" on grounds stated, and

[1] 21 Ala. App. 389.  [2] Ante, p. 166.

it is recited in the bill of exceptions that "defendant" moved to exclude the answer of the witness on the same grounds interposed to the question. The answer was a denial of the statement of fact by witness Brock as to the preparation and delivery of the notes declared on in the complaint. There was no reversible error in this ruling, as the statute did not apply to these notes, not being negotiable, and the amount and time of payment being uncertain until the sale of the cotton, and rebutted any prima facie authority to fill in the blank of due date if the statute applied. Section 9042, Code.

[3] The fact that Arnold and McCall denied receipt of the letter of January 27, 1924, from Jordan, did not render charge 3 erroneous. There was a tendency of plaintiff's evidence that afforded a reasonable inference that the same was duly transmitted by United States mails to Arnold & Co., and was not returned to Jordan as per return card printed on the envelope. The fact that the cotton was not sold and the denial of receipt of the letter tended to explain Jordan's margin notes sent plaintiff through Brock. Under such phase of the evidence, there was not an acquiescence, or ratification, with and after a full knowledge of the facts of Arnold's failure to sell the cotton at 34 cents per pound. There was no error in giving defendant's charge 3.

[4] The giving of charge 4 was warranted by the written stipulations of the parties given expression in the face of the notes.

[5] The refusal of charges 1 and 2 would not have been reversible error in the use of the word "believe" instead of the usual words "reasonably satisfied from the evidence." There was a conflict in the evidence, and the charges were not abstract. If they were subject to misleading tendencies, explanatory charges should have been requested. Walls v. Decatur Fertilizer Co., ante, p. 426, 111 So. 214.

We do not find error in ruling on the motion for a new trial within the rule of Cobb v. Malone & Collins, 92 Ala. 630, 635, 9 So. 738, and Nashville, C. & St. L. R. Co. v. Crosby, 194 Ala. 338, 70 So. 7.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.