(113 So. 18)

## STROUP v. ALABAMA POWER CO.
### (8 Div. 935.)

Supreme Court of Alabama.   April 14, 1927.

Rehearing Denied June 2, 1927.

1. **Exceptions, bill of** ⬩60(2)—**Motion to strike bill of exceptions presented to judge three months after trial granted (Code 1923, §§ 6433, 6434).**

Motion to strike bill of exceptions, presented to trial judge on June 3 after trial on March 3, granted under Code 1923, §§ 6433, 6434.

2. **Pleading** ⬩223—**Sustaining demurrer to count alleging same facts, negligence and damages as count, demurrer to which was also sustained, held not error.**

In action against power company for damages by suspension of electric light current in

plaintiff's house at 2 a. m., while she was being treated by physician, court did not err in sustaining demurrer to count averring that defendant could have notified plaintiff, by exercise of reasonable `care and diligence, and could have reasonably fixed time of suspension after daylight, where same facts and character of negligence and damages were alleged in another count, demurrer to which was sustained on grounds that defendant was not required to notify plaintiff and that damages claimed were not natural proximate result of alleged negligence.

**3. Electricity ⬅11—Contract held to impose no duty to notify members of customer's family of suspension of supply of electric light current during repairs.**

Customer's contract with electric power company for ordinary and usual use of current for lighting imposed no duty on company to give members of customer's family personal notice of temporary suspension of supply during repairs, in view of its duty to serve and protect general public and safeguard its employees.

**4. Evidence ⬅20(1)—That electric light company cannot notify customers immediately nor their families within few hours of necessity of suspending service for repairs is common knowledge.**

It is common knowledge that electric power company cannot notify each contract customer immediately nor members of their families within few hours of necessity for temporary suspension of service for repairs.

**5. Electricity ⬅11—Electric light companies are not insurers against interruption of supply by uncontrollable causes.**

Electric light companies are not insurers against interruption of supply of current by uncontrollable causes not traceable or ascribable to negligence or intentional misconduct in respect of duty assumed.

**6. Evidence ⬅91—Burden of proof depends on pleading required or employed to present facts.**

Burden of proof is dependent on due pleading as required or employed to present facts of case.

**7. Appeal and error ⬅1040(4)—Sustaining demurrer to count, requiring more proof than remaining counts, held not reversible error.**

In action for damages for negligent suspension of electric light `current in plaintiff's house while physician was treating her, sustaining demurrer to count alleging that defendant determined to cut off service several hours before and could have notified plaintiff by exercise of reasonable care and diligence *held* not reversible error, in view of remaining counts requiring less proof. .

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by Eva Stroup against the Alabama Power Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Action for damages for the negligent cutting off or suspension of electric light current in plaintiff's house for some 40 minutes, about 2 o'clock in the morning, when plaintiff was in process of treatment by a physician or surgeon, thus rendering the physician and attendants unable to see or assist plaintiff, to her injury and damage.

The substance of special pleas to which demurrer was overruled is that defendant's plant and system were properly constructed and operated; that a certain pole in its line had been blown over by a strong wind; that to have allowed it to remain in such condition would have been dangerous to the public and to the defendant's employees and would have caused serious property damage and probably indefinite interruption of service; that from long experience defendant knew that its load was lightest at about 2 o'clock ·in the morning; that all preliminary preparations to replace the pole were made in the shortest possible time; and that it was necessary and essential to cut off current from wires strung on this pole while the repair work was being done.

G. O. Chenault, of Albany, for appellant. `

Counsel argue for error in rulings on demurrer to pleading, and cite Code 1923, § 9769; B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 77 So. 565; B. R. L. &. P. Co. v. Abbott, 6 Ala. App. 643, 60 So. 970; Newton v. Brook, 134 Ala. 269, 32 So. 722; Mullen v. Otter Tail Power Co., 130 Minn.·386, 153 N. W. 746, L. R. A. 1916D, 447.

Martin, Thompson, Foster & Turner, of Birmingham, and Eyster & Eyster, of Albany, for appellee.

Circumstances may be such as to require an electric company to shut off its current temporarily. Curtis, Law of Electricity, 712. Where service is interfered with or rendered ineffectual by uncontrollable causes not attributable to negligence, the utility is not liable for breach of duty. Vinson v. Southern Bell, 188 Ala. 301, 66 So. 100, L. R. A. 1915C, 450. Failure of defendant to notify plaintiff of the cutting off of current was not actionable negligence. Brame v. L. H. & W. Co., 95 Miss. 26, 48 So. 728, 21 L. R. A. (N. S.) 468, 20 Ann. Cas. 1293. It was lawful and right for defendant to cut off the current for the purposes stated in special pleas, and such action cannot furnish ground of liability to plaintiff. Burnett v. Ala. Power Co., 199 Ala. 359, 74 So. 459. There was no privity of contract between defendant and plaintiff. Ellis v. B'ham. Waterworks Co., 187 Ala. 552, 65 So. 805; City Council v. Halse, 148 Ala. 194, 40 So. 665; Mullican v. Meridian L. & R. Co., 121 Miss. 806, 83 So. 816, 9 A. L. R. 165. Damages, to be recoverable, must be within the contemplation of the parties, and there

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

are no such damages alleged in this case. Bessemer Water Co. v. Murphy, 6 Ala. App. 609, 60 So. 533; Freeman v. Macon Co., 126 Ga. 843, 56 S. E. 61, 7 L. R. A. (N. S.) 917; Birmingham Waterworks Co. v. Ferguson, 164 Ala. 501, 51 So. 150; Birmingham Waterworks Co. v. Justice, 204 Ala. 547, 86 So. 389; Cato v. Williamson, 209 Ala. 477, 96 So. 321.

THOMAS, J. [1] The submission was on the motion to strike the bill of exceptions and on the merits.

The trial was had on March 3, 1926, and the bill of exceptions presented to the trial judge on June 3 thereafter. The motion to strike is granted. Sections 6433, 6434, Code; Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305.

[2, 3] The trial was had upon count 3. Counts 1 and 2 set up the same matters and claimed the same damages embraced in count 3. Appellant's counsel state that counts 4 and 5 are the same as count 3, with the exceptions indicated. In count 4 it is alleged that the defendant had determined to cut off the service several hours in advance, and that by the exercise of reasonable care and diligence could have notified the plaintiff; and in count 5 the same matters are alleged with the averment that the defendant could have reasonably fixed the time of suspension of current after daylight. Conceding without deciding that the matter set up in count 5 was well pleaded, no error was committed in sustaining demurrer thereto, since the same facts—contract, duty, and failure thereof—and character of averred negligence and damages are contained and claimed in both counts; and the ruling on count 4, sustaining demurrer, rested on grounds that it was not the duty of the defendant to notify the plaintiff that such suspension would occur, and that the damages claimed are not the natural proximate result of the alleged negligence of the defendant. When the averments of count 5 are duly considered, no facts are averred to show defendant's knowledge or notice of plaintiff's unusual or extraordinary need for light current at the time of the night indicated, and its duty in the premises of notice, if such existed, under the customer's contract of the husband with "the defendant to furnish electric current to said house for lighting purposes," did not extend to plaintiff. Construing the pleading most strongly against the pleader, the averred customer's contract, so far as disclosed in the complaint, was for the ordinary and usual use of current, that imposed no duty upon the defendant to give members of the customer's family personal notice before there may be temporary suspension of the supply of the ordinary or usual current for the purpose of repairs.

[4-6] This follows from the defendant's general obligation and duty owed to the general public, and all members thereof in extending service, and to protect the public from unnecessary perils of improper operation in the use of transmission lines carrying high voltage currents, and to duly safeguard its employees in the maintenance and repair of such transmission lines. It is of common knowledge that the defendant could not give immediate notice to each of its contract customers of the fact of the necessity for temporary suspension of service for repairs and certainly not to the members of the family thereof, within the limited time alleged. And this is the result if it be conceded the duty to give notice rested upon the defendant. Such, however, is not the fact or obligation under the averments of count 4. The general duty of such a public service corporation to treat all members of the municipality or community alike in extending current under its contract or implied duty in the premises was the subject of Birmingham Ry. Light & Power Co. v. Littleton, 201 Ala. 141, 77 So. 565; 20 C. J. 332, §§ 28, 36. Such companies are not insurers from interruption by uncontrollable causes, "not traceable or ascribable to negligence or intentional misconduct in respect of the duty assumed," in this case, by the contract of the husband. 9 R. C. L. p. 1196, § 12; 2 Joyce on Elec. Law, §§ 733, 735a; Burnett v. Ala. Power Co., 199 Ala. 337, 359, 74 So. 459; Vinson v. South. Bell T. & T. Co., 188 Ala. 292, 302, 66 So. 100, L. R. A. 1915C, 450. The burden of proof in the premises is dependent upon due pleading as required or employed to present the facts of the case. Burnett v. Ala. Power Co., 199 Ala. 337, 74 So. 459; Birmingham South. R. Co. v. Harrison, 203 Ala. 284, 293, 82 So. 534; L. & N. R. Co. v. Clark, 205 Ala. 152, 87 So. 676, 14 A. L. R. 695.

The various pleas to which demurrers were overruled, viz., 6, 7 and 12, set up the pressing and imperious necessity for an immediate temporary interruption in the service furnished under the contract with plaintiff's husband, and that interruption was required that the service line be improved and the general public and defendant's employees be duly safeguarded and protected.

[7] We find no reversible error in sustaining demurrer to count 4. The counts left in required less proof than that to which demurrer was sustained.

Appellant's counsel cite Louisville & N. R. Co. v. Clark, 205 Ala. 152, 87 So. 676, 14 A. L. R. 695. It is not an apt authority. There the due notice of the time of the departure of trains had been given, and the time of the night, sought also to be given by defendant's agent in the line of his duty, was incorrectly stated to plaintiff and to her inquiry.

We find no reversible error in overruling demurrer to pleas.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.