(116 So. 349)

## BATTLE v. WRIGHT et al. (7 Div. 787.)

Supreme Court of Alabama. March 29, 1928.

1. Appeal and error ⬲655(2) — Motion to strike bill of exceptions not signed within mandatory terms of statute invokes jurisdiction of Supreme Court to that end (Code 1923, §§ 6433, 6434).

Proper and seasonable motion to strike bill of exceptions, alleging that it was not signed within mandatory terms of Code 1923, § 6433, invokes jurisdiction of Supreme Court to that end under section 6434.

2. Appeal and error ⬲655(2)—Time ⬲9(7) —Bill of exceptions, signed 61 days after presentation, excluding date of presentation, and including date of signing, held not signed in time, and must be stricken (Code 1923, §§ 13, 6433).

Signing of bill of exceptions on sixty-first day after presentation, excluding date of presentation and including date of signing, as required by Code 1923, § 13, *held* insufficient under mandatory terms of section 6433, requiring bills of exception to be signed within 60 days, and bill of exceptions not signed within time must be stricken.

3. Appeal and error ⬲544(1)—Court's refusal of requested charges or giving charges cannot be reviewed, where there is no bill of exceptions.

Where there is no bill of exceptions, action of court in refusing requested charges or in giving charges cannot be reviewed.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Action by Mrs. M. E. Wright and others against Sallie Battle. Judgment for plaintiffs, and defendant appeals. Affirmed.

C. R. Robinson, of Birmingham, and Hood & Murphree, of Gadsden, for appellant.

Where the sixtieth day fell on Sunday, that day also excluded. Stewart v. Keller, 197 Ala. 575, 73 So. 89.

James A. Embry, of Ashville, and Culli, Hunt & Culli, of Gadsden, for appellees.

The bill of exceptions was not signed within sixty days after same was presented, and must be stricken. Code 1923, § 6433; Ex parte Hill, 205 Ala. 631, 89 So. 58. Giving or refusal of charges will not be considered, in absence of bill of exception. Bell v. Burns, 206 Ala. 465, 90 So. 491.

---

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

THOMAS, J. The bill of exceptions was presented to the trial judge on June 6, 1927, which was signed by him on August 6, 1927.

[1] A proper and seasonable motion to strike the bill of exceptions, alleging that it was not signed within the mandatory terms of the statute (section 6433, Code of 1923; Ex parte Hill, 205 Ala. 631, 89 So. 58), invokes the jurisdiction of this court to that end (section 6434, Code of 1923; Ettore v. State, 214 Ala. 99, 106 So. 508; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13).

It is insisted by counsel for appellant that the 6th day of August, 1927, fell on Sunday. A reference to a 1927 calendar, by way of refreshing our judicial knowledge informs us that said date was Saturday, and 61 days from and excluding the date of presentation of the bill of exceptions. The time *within* which any act is provided by law to be done must be computed by excluding the first day and including the last. If that day is Sunday, it must also be excluded, and the Monday following shall be counted as the last day *within* which the act may be done. Section 13, Code of 1923; Stewart v. Keller, 197 Ala. 575, 73 So. 89; Yates v. Dobson, 213 Ala. 547, 105 So. 691; Cox v. Hutto, 216 Ala. 232, 113 So. 40; Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13.

[2] If the date of presentation, to wit, June 6th, be excluded, and Saturday August 6, 1927, be included, the bill of exceptions was signed on the sixty-first day. This was not sufficient under the mandatory provisions of the statute, "and the bill of exceptions must, if correct, be signed by the judge *within sixty* days thereafter," meaning to exclude the date of its presentation. Code, § 6433; Stroup v. Ala. Power Co., 216 Ala. 290, 113 So. 18; J. H. Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305; Hale v. Worthington, 210 Ala. 544, 98 So. 784; Ill. Cent. Co. v. Posey, 212 Ala. 10, 101 So. 644. The change from 90 days to 60 days *within which* the bill of exceptions must be signed by the presiding judge is noted in U. S. Cast Iron Pipe & Foundry Co. v. Williams, 213 Ala. 115, 104 So. 28. The motion was proper and seasonable, and is granted. The bill of exceptions is stricken.

[3] The action of the court in the refusal to appellant of requested charges or the giving of charges for appellee cannot be reviewed, where there is no bill of exceptions. In this state of the record, reversible error cannot be affirmed of the trial court's rulings in respect of such action as to the charges.

No other questions being presented by the record proper and assigned as error, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.