ALMON, Justice.
Shirley Wilson, Robert Chatman, Ruby Long, Mattie Colliens, and Leroy Kaseitis brought an action on behalf of themselves and “all members of a class composed of individuals and corporations who were, on the evening of January 23, 1985, subscribers of electrical services furnished or sold by Bessemer Electric, an electrical business operated by the City of Bessemer,” against the City of Bessemer, alleging breach of contract, negligence, and wantonness. The City of Bessemer filed a motion for summary judgment. The trial court granted the motion and entered judgment accordingly.
The City of Bessemer operates Bessemer Electric, which purchases electricity from the Tennessee Valley Authority (“TVA”) and then sells it to residents of the City of Bessemer. On January 23, 1985, an employee of TVA discovered that two insulators, which supported the power lines at the substation at which the City of Bessemer received electricity, had broken. TVA notified Bessemer Electric of the situation and of the probable consequences of not replacing the broken insulators. Probable consequences included additional stress on the remaining insulators that could cause them to break, resulting in possible injury to TVA employees working at the substation, damage to the substation, and extended interruption of electrical service to Bessemer Electric’s customers. In order to replace the broken insulators it was necessary to interrupt the power for a short time. Because the weather was extremely cold and the forecast for that night called for icing conditions in the form of either sleet or freezing rain, the decision was made to replace the insulators as soon as possible. A TVA crew from Huntsville arrived approximately three hours later. At 6:00 p.m. the electricity was turned off; the repairs were made, and, at 6:42 p.m., the electricity was turned back on.
When the decision was made to replace the broken insulators, Bessemer Electric officials elected not to notify the news media of the impending interruption in service. Bessemer Electric did, however, notify hospitals, nursing homes, police and fire departments, and individuals who had made it known previously that notice of a temporary interruption of electrical service was essential.
*869 The only issue presented for review is whether Bessemer Electric owed a duty to notify its subscribers of the impending power outage.[1]
This case is strikingly similar to Stroup v. Alabama Power Co., 216 Ala. 290, 113 So. 18 (1927). In Stroup, Alabama Power interrupted service for 40 minutes at approximately 2:00 a.m. to replace a pole that had been blown over by a strong wind. Unknown to Alabama Power, Stroup was being treated in her home at that time by a physician. When the electricity was turned off, the physician and attendants became unable to see or assist Stroup and she was injured as a result. Stroup filed suit, claiming that Alabama Power owed a duty to its customers to notify them prior to interrupting service. This Court held that Alabama Power had no such duty. Accord, Annot., 4 A.L.R.3d 594 (1965); 26 Am. Jur.2d Electricity, Gas, and Steam, § 113 (1966).
In this case, as in Stroup, the electricity was turned off for approximately 40 minutes because of damage to the system through no fault of the electric supplier. As in Stroup, a failure to repair the existing damage could have led to far greater damage to the system and a possible loss of electric service for several days. Finally, as in Stroup, the issue presented for review is whether the supplier had a duty to notify its customers of the interruption in service prior to the interruption. Because of the factual similarities to Stroup, we find that the holding in Stroup is controlling in this case.
Wilson also argues that, because Bessemer Electric undertook to notify some of its customers of the impending power outage, it assumed a duty to notify all of its customers of the impending outage. We do not find this argument persuasive.
The record reflects that Bessemer Electric notified hospitals, nursing homes, police and fire departments, and “individuals who had made it known previously that notice of a temporary interruption of electrical service was essential.” While it is true that under certain circumstances “a party who volunteers to act, though under no duty to do so, is charged with the duty of acting with due care”, Berkel & Co. Contractors v. Providence Hospital, 454 So.2d 496, 503 (Ala.1984), the notification of medical facilities, emergency personnel, and others who had specifically requested such notice does not equate to an assumption of a duty to notify all customers.
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ADAMS and STEAGALL, JJ., concur.
HORNSBY, C.J., concurs specially.

. We note that the complaint also contained claims based on breach of contract and wantonness. However, no issues concerning these claims have been raised on appeal, so we will not discuss these claims.