HORNSBY, Chief Justice
(concurring specially).
I concur in the opinion, because under current law the utility has no duty to notify anyone about an anticipated outage in the absence of a specific request to do so. Stroup v. Alabama Power Co., 216 Ala. 290, 113 So. 18 (1927). However, Stroup was decided at a time when prompt communication through the mass news media was not available. Through the electronic media, today it is possible on short notice to notify at least a segment of the public that an outage is likely to take place. A duty is said to arise where action should be taken to protect the interests of others. Restatement (Second) of Torts § 4 comment b (1965). No duty can exist where the responsible party is incapable of complying. Id. at § 4 comment a. It would not be unreasonable in this day, in a case with compelling facts, to require utilities to notify the appropriate media and request that they notify the public, as a matter of public service, that an outage will take place.[2]
*870 I also am cognizant that if and when we recognize such a duty we must be careful not to impose an unreasonable burden on utilities and that the courts must carefully scrutinize whether an alleged failure to act was unreasonable as a matter of law.
Because the defendant had relied upon well-established law — that there was generally no duty under these circumstances— even if I were to conclude that these facts •created a duty, I would make that holding prospective in application. “A prospective overruling does not apply to the parties before the court or to acts done and transactions entered into by other persons before the effective date of the decision.” Note, Prospective Application of Judicial Decisions, 33 Ala.L.Rev. 463, 470 (1982). Reliance is the key factor in deciding to apply a judicially created rule prospectively. Id.; cf. O’Grady v. City of Hoover, 519 So.2d 1292 (Ala.1987) (Torbert, C.J., dissenting).

. I would also note, even though it is not in the record, that utilities do make such notification on occasion, even in the absence of a legal duty.