# Skewes v. Tennessee Coal, Iron & Railroad Company.

### *Contest of Answer of Garnishee.*

1. *Garnishment; wages of employe of municipal corporation exempt.*—On grounds of public policy the wages of an employé of a municipal corporation in the administration of the affairs of the municipality are exempt from the process of garnishment.

2. *Same; when will lie.*—The process of garnishment will not lie unless the defendant in the action could maintain debt or *indebitatus assumpsit* against the garnishee for the money sought to be reached by the process,

3. *Same.*—H. contracted with the city of Bessemer for the privilege of doing the sanitary work of the city. He was to pay $25.00 per month as a consideration for the contract. Collections of sanitary charges from individuals were to be made by a person selected by the city, and for his services H. was to receive this money less fifteen per cent. for collecting. The T. C. I. & R. Co. collected money due for these charges from a number of its employés, and before paying it over it was garnisheed as the debtor of H. *Held*, 1. H. was an employé of the city in the administration of its affairs. 2. That the relation of debtor and creditor did not exist between the T. C. I. & R. Co. and H. and the latter could not therefore maintain debt or *indebitatus assumpsit* against the former.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAMES J. BANKS.

C. C. Skewes recovered judgment in justice court against W. H. Harney, and on the judgment sued out process of garnishment against the Tennessee Coal, Iron & Railroad Co. The garnishee answered no indebtedness, and the answer was contested. Judgment went against the garnishee and the case was taken to circuit court on appeal. On contest of answer in that court it appeared that Harney was an employe of the city of Bessemer under contract embraced in the following resolutions of the Board of Mayor and Aldermen: Resolved, That the Board award to W. H. Harney the contract for the entire sanitary work of the city for two years under the following conditions: 1. That said Harney be required to pay into the city treasury $25.00, on the first day of each month as a consideration for this contract. 2. That said Harney have the collecting from the white people of the city, together with all contracts with companies or individuals done by some person selected by this council, and that said inspector and collector be paid 15% of his total collections for his services. 3. That the duties of sanitary inspector and collector be added to that of market superintendent, and that said market superintendent, sanitary inspector and collector be paid the salary heretofore paid the market superintendent, and in addition thereto that he shall receive all the commissions arising from the sanitary collections." The garnishee collected certain sanitary charges from

its employés and had the money in hand when garnisheed, and this was the money sought to be condemned as due to Harney.

JAS. A. ESTIS, for appellant.

JAMES TROTTER, *contra*, contended that Harney could not have sued the garnishee in *indebitatus assumpsit;* and further that the money sought to be reached was a part of the public revenue of the city, and cited, *Murphee v. City of Mobile*, 108 Ala. 663, and *Underhill v. Calhoun*, 63 Ala. 216. Also that if the money was due Harney at all it was a part of his pay as an officer or employé of the city.—*Pruitt v. Armstrong*, 56 Ala. 306; 51 Ala. 103.

DOWDELL, J.—It is evident from the facts in this case that the fund sought to be reached by the garnishment proceedings arose under a contract made by the municipal authorities of the city of Bessemer with W. H. Harney, the defendant debtor. The subject matter of this contract with Harney related to sanitary services to be performed by him for the benefit of the city of Bessemer. Sanitary regulations for the preservation of the health of the people are as vital and important to the good government and well being of its citizenship in the administration of the affairs of the municipal corporation as the police of its streets and thoroughfares for the preservation of peace and order. The relation of Harney to the municipality of Bessemer was that of an employe, in the administration of the affairs of the city, whose wages, on the grounds of public policy, would be exempt from the process of garnishment for the same reason that the wages of a police officer of a city would be exempt. The fact that Harney was to pay the municipality twenty-five dollars a month for the privilege of having the sanitary contract with the city, did not change or vary his relations or duties under the contract to the municipality. The only fair and reasonable interpretation to be put upon the contract is that Harney was employed by the municipal authorities to do the sanitary work of the city, and for

such services to receive as his compensation 85 per cent. of the proceeds arising from such services when collected by an officer to be appointed for that purpose by the municipality, and, for the privilege of having the contract he, Harney, to pay the city $25 per month. Harney had no contract with the garnishee, nor with the employés of the garnishee from whom the fund in question was collected by the garnishee, for the sanitary labors and services performed by the said Harney, nor did Harney have any right to collect this money by the express terms of the contract; and it follows as a clear proposition that he could not have maintained *indebitatus assumpsit* against the garnishee.

On grounds of public policy, the fund in question could not be reached by process of garnishment by a creditor of Harney.—*Murphy v. City of Mobile,* 108 Ala. 663; *Pruitt v. Armstrong,* 56 Ala. 306; *Mayor, etc. of Mobile v. Roland & Co.* 26 Ala. 498.

Under the terms of the contract, Harney could not maintain a suit in his own name against the garnishee. "Only such demands can be subjected by garnishment as the defendant in his own name could recover in an action of debt or *indebitatus assumpsit.*"—See 1 Brick. Dig., p. 175, § 314, and authorities there cited.

The only difference betwen this case and the case of C. C. Skewes v. Huey, decided at the last term of the court, is as to the person garnished. In both cases the fund sought to be reached arose under the same contract. In this case the fund is sought to be subjected while in the hands of the garnishee, the Tennessee Coal, Iron & Railroad Co., and in the other case the fund was sought to be subjected while in the hands of Huey, the clerk of the municipality of Bessemer. It was decided by this court in the case of *Skewes v. Huey* at the last term that on grounds of public policy the fund could not be reached by garnishment process. We see no reason for departing from that decision.

There is no error in the record, and the judgment of the circuit court will be affirmed.