# Riordan *v.* Schlicher.

*Equitable Garnishment.*

(Decided April 20th, 1906.  41 So. Rep. 842.)

1.  *Garnishment; Equitable Assets; Bill in Equity.*—A bill may be maintained, under Sec. 764, Code 1896, to attach by process of garnishment, the interests of the *cestui que trust* in property in the hands of the trustee, and to subject the same to complainant's claims.

2.  *Trusts; Interest of Cestui Que Trust; Corporate Stock.*—Respondent was owner of a certain amount of stock in a corporation; the corporate property was sold under deed of trust and purchased by a trustee of the stockholders, each stockholder contributing to the trust the amount corresponding to his stock; the trustee accepted and declared the trust, stating that the stock in the corporation held by the parties furnishing the money was the measure of their interest in the proceeds of the sale of any of the property by the trustee.  Held, that by virtue of their stock, the stock holders acquired no interest in the trust property, yet, through the declaration of the trust they acquired an interest in the trust estate proportionate to their stock holdings.

3.  *Same; Cestui Que Trust; Assignment; Equitable Interest.*—A *cestui que* trust may assign his equitable interest in the trust fund in payment or security of a valid indebtedness.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Bill by Peter Schlicher against W. D. Aiken and others, in which James Riordan intervened and claims a fund disclosed by the answer of the garnishee, James E. Webb.  From a decree awarding the fund to plaintiff, intervener appeals.

WARD & HOUGHTON, for appellant.—The secured creditor had no legal or equitable right to property conveyed to the trustee.  He had only a right to enforce the collection of the debt.  He had no estate but a mere chose

in action.—*Morris v. Baker*, 82 Ala. 272; *Martin v. Charter*, 90 Ala. 96. The interest of a mortgagee in mortgaged land is not attachable.—*Patton v. Beacher*, 62 Ala. 571. Only an express trust can be reached by an equitable attachment.—Sec. 764, Code 1896. A party offering part of a letter or other writing makes the whole evidence.—*Pritchett v. Monroe*, 92 Ala. 501; *Croker v. Clements*, 23 Ala. 296. The construction placed by Riordan, Akin & Webb on the contract of pledge long before this suit was brought was that the fund belonged to Riordan and the court will give effect to such construction.—*Crafts v. Scruggs*, 115 Ala. 258; *Wilkerson v. Roper*, 74 Ala. 140; *Comer v. Bankhead*, 70 Ala. 136. The answer of the garnishee was put in evidence by complainant and is evidence under the law.— *Butler v. Foster*, 130 Ala. 604. At law, garnishment can only reach such demand as lie in contract and which defendant could enforce at law.—*Curtis v. Parker*, 136 Ala. 217; *White v. Simpson*, 107 Ala. 386; *Toomer v. Randolph*, 60 Ala. 536. Section 4141, Code 1896 now provides that an equitable title can be tried in a claim at law.—*Ballard v. Mayfield*, 107 Ala. 396; *Ballard v. Pastasco*, 107 Ala. 710; *Wells v. Cody*, 112 Ala. 278. Garnishment in chancery reaches only demands that can be reached at law.—*Jones v. Crews*, 64 Ala. 368; *Long v. Walker*, 84 Ala. 72. The parol assignment was sufficient.—*Lowry v. Peterson*, 75 Ala. 109; *Hanchey v. Hurley*, 129 Ala. 306; *Spain v. Brent*, 1 Wall 604. If sustained by a sufficient consideration, anything which shows an intention to assign on one side and from which an intention to receive may be inferred on the other will operate as an assignment in equity.—*Planters' Co. v. Tunstall*, 72 Ala. 142; *Lowery v. Peterson*, 75 Ala. 109; *Wells v. Cody*, 112 Ala. 278-282; *Williams v. Ingersoll*, 89 N. Y. 508; *Hanchey v. Hurley*, 129 Ala. 306-313.

"The test is an inquiry whether the debtor (Webb) would be justified in paying the debt or the portion contracted about to the assignee."—*Fairbanks v. Sargent*, 6 L. R. A. 475 (N. Y.); 2 Ency. of Law, p. 1055-1061 and authorities cited.

[Riordan v. Schlicher.]

GEORGE A. EVANS, for appellee.—The remedy sought is that provided by section 764, Code 1896.—*Ware v. Seasongood*, 92 Ala. 156. If the letters be true and admissible, it shows that the transfer was only collateral, and that would give a court of equity jurisdiction to condemn the reversionary interest after paying Riordan.—*Nabring v. Bank*, 58 Ala. 209. The delivery of the certificate of shares was not sufficient to pass the title in the land nor even to protect the stock itself from sale, and if the shares had been levied on, appellee would take in preference to Riordan.—*Nabring v. Bank*, 59 Ala. 209; *Berney Bank v. Debardelaben*, 87 Ala. 577; *White v. Rankin*, 90 Ala. 542; *Abels v. Bank*, 92 Ala. 383.

DENSON, J.—Peter Schlicher, a nonresident of Alabama, filed his bill in equity in the city court of Birmingham against W. D. Aiken, also a nonresident, and James E. Webb, alleging that Aiken was indebted to him on certain promissory notes for about $1,000; that he had not sufficient property in the state of his residence to satisfy the debt but was the beneficial or equitable owner of lands in Jefferson county, Ala., the legal title to which was in James E. Webb, who as trustee, was managing and selling said lands and paying the proceeds of the sale to the said Aiken and other equitable owners. The bill prayed for an attachment against the equitable interest of Aiken in said lands, and that Webb be summoned as garnishee to answer what money or other property he held for Aiken under said trust, that the same be condemned to pay complainant's debt, and for general relief. The attachment and garnishment were issued as prayed for, and were properly levied and served. The bill sets out as an exhibit the deed by which the legal title to the property was vested in Webb, and a declaration of trust by Webb, showing that he held the land in trust for certain parties, including "Geo. Vanderbilt and New Jersey associates." Both these papers were executed in 1891. Aiken answered, practically admitting all the allegations of the bill, except that he was the owner of any interest in the trust property.

He averred that before the bill was filed he was indebted to James Riordan, and to secure such debt he transferred to him all his interest in the trust property in the hands of Webb. The bill avers, and the answer admits, that Aiken was one of the New Jersey associates of Vanderbilt, and originally had an interest in the trust property. Webb's answer admits the trust; that he had on hand $750 arising from the sale of the trust property, and notes and mortgages for the purchase money of such property to the amount of $2,800; and alleging that he had been informed that Aiken had transferred his interest in the trust to Riordan. Riordan was made a party defendant and propounded his claim, alleging that the property levied on under the attachment and in the hands of Webb was at the time the bill was filed not the property of Aiken; but had prior to that time been transferred by Aiken to the claimant to secure a debt that Aiken owed to the claimant. From a decree overruling a motion to dismiss the bill for the want of equity, and decreeing against Riordan's claim, this appeal was taken.

The bill was filed under section 764 of the Code of 1896, and we think there can be no doubt that the bill on its face shows that it contains equity.—*Ware v. Seasongood,* 92 Ala. 156, 9 South. 138.

Riordan alone has assigned errors. There are several assignments of error, but we do not deem it necessary to discuss them in detail. The decisive question in the case is whether or not the transfer of his interest in the trust by Aiken to Riordan was sufficient to invest Riordan with whatever rights Aiken had in the trust property. The evidence is clear that before the bill was filed Aiken assigned in blank and delivered to Riordan 200 shares of stock in the East Birmingham Land & Railroad Company as collateral security for the debt he owed Riordan. It is insisted that by this transaction no right to the trust property or its proceeds passed, because before this time the lands which constitute the corpus of the trust had been sold under a trust deed giv-

en by the East Birmingham Land & Railroad Company and no interest remained in the corporation which could be affected by the transfer of the stock. But from the declaration of trust by Webb, who purchased at the mortgage sale, it is shown that the money to buy said property at the mortgage sale, at which Webb obtained the legal title to these lands, was furnished by parties who held stock in the East Birmingham Land & Railroad Company, and the declaration of trust makes the stock in the corporation held by said parties the measure of their interest in the proceeds which may arise from the sale of the property held by the trustee. As corporate stock it represents no right to nor interest in the trust property, but by the declaration of trust, which has been accepted and must stand as the agreement of the parties, it shows that those who held it have a right to participate in the proceeds of the trust property and the extent of that right.

The bill was filed in October, 1900. The evidence shows that in March, 1899, both Aikin and Riordan wrote to the trustee, Webb, informing him that Aiken had transferred to Riordan all his interest in the trust, and that the trustee recognized the transfer and agreed to be governed by it in the distribution of the funds in his hands. The evidence established without conflict that Aiken was indebted to Riordan when the stock was transferred, and it is clear that Aiken intended to assign to Riordan, and Riordan intended to receive from Aiken, by the transfer of the stock, all the interest which Aiken had in the proceeds of the trust property, as security for his debt.—*Planters' Co. v. Tunstall*, 72 Ala. 142; *Hanchey v. Hurley*, 129 Ala. 306, 30 South. 742; *Wells v. Cody*, 112 Ala. 278, 20 South. 381; *Lee v. Wimberly*, 102 Ala. 539, 15 South 444. The right of the *cestui que* trust to deal with his equitable interest, and to alienate it or incumber it at his will, is generally recognized. 28 Am. & Eng. Ency. of Law (2d Ed.) p. 1107.

The claimant, Riordan, is entitled to have his debt paid out of the proceeds of the trust remaining in the hands of the trustee, and the decree of the city court is re-

versed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.