(79 South. 391)

JAFFE v. McADORY. (6 Div. 797.)

(Supreme Court of Alabama. June 13, 1918. Rehearing Denied June 29, 1918.)

1. GARNISHMENT ☞63 — COMPENSATION OF PUBLIC OFFICERS—PUBLIC POLICY.

The compensation of public officers is not subject to garnishment; the subjection thereof to garnishment being contrary to public policy.

2. CREDITORS' SUIT ☞8(6)—NATURE OF PROPERTY—PUBLIC OFFICERS' COMPENSATION.

The compensation due a sheriff whose term has expired will not be discovered and subjected to the demands of a creditor through a creditors' bill; the subjection of public officer's compensation to creditors' demands being forbidden by public policy, regardless of form of judicial process employed, and despite fact that officer's term has expired.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by Anderson Jaffe against Walter K. McAdory. From a decree sustaining defendant's demurrer to plaintiff's bill, plaintiff appeals. Affirmed.

J. B. Aird and Smith & McCary, all of Birmingham, for appellant. M. Lee Bonner and Clarence Mullins, both of Birmingham, for appellee.

McCLELLAN, J. This appeal is from a decree sustaining respondent's (appellee's) de-

murrer to a distinct phase or feature of complainant's (appellant's) amended bill. It is a creditors' bill. The part of the amended bill stricken in response to the demurrer is that phase or feature wherein the complainant seeks the discovery and subjection to complainant's demand of fees, commissions, or compensation due the respondent in consequence of or resulting from his service as sheriff of Jefferson county, Ala. It appears from the amended bill that the respondent's term as sheriff expired in January, 1915. The bill was filed in April, 1917, over two years after his term expired. The fees, etc., sought to be discovered and subjected to the complainant's demand, were fully earned during his incumbency of the public office of sheriff, prior to the filing of this bill.

[1] The question presently argued may be stated in this form: Does the public policy prevailing in this state forbid the employment of judicial process or processes to intercept and subject the unpaid fees, commissions, or compensation fully earned by a public officer, whose term has expired, to the discharge of the demand of a creditor to whom the public officer has made no effort to assign such fully earned fees, commissions or compensation? It is settled in this jurisdiction that a wise public policy forbids the subjection of the compensation of public officers to the demand of creditors through the process of garnishment. Pruitt v. Armstrong, 56 Ala. 306; Mayor, etc., v. Rowland, 26 Ala. 498; Gerald v. Walker, Supt., 78 South. 856;[1] Skewes v. T. C. I. & R. R. Co., 124 Ala. 629, 27 South. 435, 82 Am. St. Rep. 214. The inspiration, as well as the practical objective, of the public policy thus enforced, lies in the purpose to conserve and protect the public service from the embarrassing consequences that would inevitably attend the arming of creditors of public officers, with the right to judicial processes whereby they might intercept, without antecedent contractual right, the compensation persons serving in public offices had earned. This public policy not only tends to guard and conserve the efficiency of public officials in the discharge of their duties—a purpose referable, of course, alone to the period of incumbency of the office—but also to avert the presence of a factor that would, according to every fair probability, effect to diminish the list of qualified, competent citizens who might at any time be deterred from aspiring to or entering the public service, if their creditors could intercept and have appropriated the compensation earned by them in the public service. This court, in Mayor, etc., v. Rowland, 26 Ala. 504, long since expressed the same view:

"Aside from this, the city corporation, which is a government for the city, invested with certain attributes of sovereignty delegated to it by its charter, is entitled to fill its offices by a selection of suitable persons from among the whole community. This privilege would exist but in name, if those who depend upon their salaries for a livelihood could be deprived of such salaries by garnishment, and thus cut off from the means of subsistence. The result would be that only those who were free from debt, or who could subsist without their salaries, could fill such offices, and the public service might suffer for want of persons to accept or hold them."

The like idea was expressed and amplified in Pruitt v. Armstrong, 56 Ala. at pages 310, 311. The acceptance of this approved public purpose, having due regard to the embarrassing public consequences that would result from its denial, requires the conclusion that the object of this public policy would largely fail of accomplishment if the creditor was only restrained during the term of the official's (the debtor's) incumbency. The application and effect of this public policy cannot be averted—is not avoidable by simply invoking another kind of process than garnishment. Any other judicial process is within the restraint of the principle, since the public purpose and public necessity is the same, whether the creditor's effort to subject the money earned by the official is through one or another form of judicial process or proceeding to that end. So this court soundly, broadly concluded, in a dictum it may be, in the closing lines of the opinion in Pruitt v. Armstrong, supra. This proposition was pointedly affirmed in Addyston Pipe Co. v. Joyce and City of Chicago, 170 Ill. 580, 48 N. E. 967, 44 L. R. A. 405.

The appellant relies upon Stewart v. Sample, 168 Ala. 270, 53 South. 182, and Schloss v. Hewlett, 81 Ala. 266, 270, 1 South. 263. In these cases there was an assignment by the officer of his compensation; and the court decided that fully earned compensation might be assigned, and the thus created right of the assignee might be enforced in the courts. This conclusion qualified in no degree the principle stated and illustrated in Mayor v. Rowland and Pruitt v. Armstrong, supra. In such circumstances the act of assignment is voluntary on the part of the officer. The officer's assignment of fully earned compensation not only does not operate detrimentally upon the efficient discharge by the officer of his duty in the premises, but, to the contrary, may, in many cases, directly contribute to afford funds wherewith he is enabled to efficiently discharge the duties of his office. The decisions last noted are not authority for the compulsory discovery and appropriation of fully earned, but not assigned, compensation due for public service, whether the term of office has expired or not. Their influence, as authority, does not, of course, go beyond the proposition there approved. It is to be noted that the opinion in Stewart v. Sample, supra, falls short of fully stating—doubtless because not there necessary—the grounds of the public policy of this court described in Mayor v. Rowland, supra, and Pruitt v. Armstrong, supra.

[2] The law is with the respondent (appellee) on the proposition discussed in the briefs, wherefrom it results that the court below did

[1] 201 Ala. 502.

not err in sustaining the demurrer to the phase or feature of the amended bill which sought the discovery and subjection of the fees, etc., due the respondent for services rendered by him as sheriff of Jefferson county.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.