(90 South. 279)

**ANDERSON et al. v. BLAIR.    (3 Div. 465.)**

(Supreme Court of Alabama.    June 30, 1921. Rehearing Denied Oct. 13, 1921.)

Joint adventures ⊚═4(1)—Amount of compensation to certain members held discretionary.

Where contracts were entered into by one joint adventurer in his own name, and he was to pay other members only such part of the profits as he thought they were entitled to, having unlimited discretion, he was neither legally nor morally at fault in declining to recognize the right of any of his joint adventurers to demand or receive any part of the compensation paid to him, or in refusing to submit the matter of asserted apportionment to arbitrators.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by I. O. Anderson and others against Algernon Blair. From a decree dismissing the bill complainants appeal. Affirmed.

Rushton & Crenshaw, Steiner, Crum & Weil, Hill, Hill, Whiting & Thomas, and Ball & Beckwith, all of Montgomery, for appellants.

The equity of the bill has been settled. 202 Ala. 209, 80 South. 31. The agreement was not contrary to public policy. 187 App. Div. 774, 175 N. Y. Supp. 881; 147 Fed. 51, 77 C. C. A. 315; 117 U. S. 569, 6 Sup. Ct. 870, 29 L. Ed. 940; 118 U. S. 235, 6 Sup. Ct. 1049, 30 L. Ed. 173; 202 Ala. 209, 80 South. 31; 224 Fed. 28, 139 C. C. A. 492; 233 U. S. 705, 34 Sup. Ct. 750, 58 L. Ed. 1163; 40 Misc. Rep. 453, 82 N. Y. Supp. 659; 47 Barb. (N. Y.) 653; 51 N. Y. 177; 90 Iowa, 265, 57 N. W. 843, 24 L. R. A. 647; 18 Ohio St. 477; 99 Wash. 106, 168 Pac. 990, Ann. Cas. 1918D, 1147; 162 Fed. 225, 89 C. C. A. 205, 15 Ann. Cas. 498. Blair wished to preserve the joint adventure, but to appropriate all the benefits to himself, and this he could not do. 201 Ala. 321, 78 South. 160.

Horace Stringfellow and W. A. Gunter, both of Montgomery, and J. Manly Foster, of Tuscaloosa, for appellee.

The rules governing a joint adventure are generally those applicable to partnerships. 15 R. C. L. 500. To constitute such contract, there must be a valid executed agreement. 54 Ala. 12; 135 Ala. 380, 33 South. 663; 1 Lindley on Partnership, 358; 150 U. S. 524, 14 Sup. Ct. 201, 37 L. Ed. 1169. Appellant's evidence does not show such a contract. 156 Ala. 546, 46 South. 972. The contract was void as against public policy. 6 Words and Phrases, 5813; 4 Words and Phrases, 25; (D. C.) 160 Fed. 700; 13 C. J. 266; 10 Eng. Rul-

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing Cases, 604; 134 Ala. 516, 32 South. 840, 63 L. R. A. 673.

McCLELLAN, J. This cause has been before this court on an appeal from a ruling on demurrer to the amended bill. Anderson et al. v. Blair, 202 Ala. 209, 80 South. 31. The trial court had sustained Blair's demurrer. The object of the bill is to enforce an agreement and compel an accounting between complainants, Anderson, Cramton, Hodgson, Estes, D. F. and J. M. Gorrie, and Harry and William M. Jeffers, and Blair, with respect to the construction by the United States of an army camp (Camp Sheridan); Blair being subsequently selected by the government to serve as contractor, with his compensation therefor fixed at a· percentage on the cost to the government of the camp's construction. The propositions advanced by the demurrer are thus stated in that opinion:

"(1) The alleged agreement between complainants (appellants) and defendant (appellee) was void as against public policy; and (2) said agreement was so indefinite in one of its terms as to be incapable of enforcement by judicial process."

"On the facts alleged in the bill," these propositions were resolved against defendant, Blair, their proponent, and the decree sustaining the demurrer pointing them was, in consequence, reversed. 202 Ala. 213, 80 South. 31. This court then defined the contract averred in the bill to be an engagement of joint adventure (202 Ala. 211, 80 South. 31), a relation in the nature of a partnership and subject to rules of law applicable to partnerships (Saunders v. McDonough, 191 Ala. 119, 67 South. 591).

Following reversal the bill was further amended to draw within its theory and scope other later constructions by the government, through Blair as contractor, and issues were formulated asserting the respective contentions of the parties in the premises. Upon consideration of the voluminous evidence the court denied relief and dismissed the bill. The appeal is hence from that character of final decree.

In brief for appellee it is vigorously insisted that the evidence discloses a contract (if such there in fact was) affected with illegality because opposed to public policy, and that the conclusion in that particular on former appeal, from a ruling on demurrer, confined, as it necessarily was, to the "facts alleged in the bill," is not authoritative or influential with respect to the different status shown by the evidence on which the cause was submitted. On this appeal it is not essential to a proper disposition that the stated insistence should be considered, much less that it be affirmed to be unfounded, in view of the facts and circumstances now more fully developed by the evidence, as distinguished from the allegations of the amended bill. The pretermission of this insistence also comprehends the want of necessity now to consider whether this question of offense vel non to public policy is a federal or local inquiry; the New York courts affirming in general terms that it involves no federal question, and so, notwithstanding the doubt, at least, that principles applicable to the relation of principal and agent might interject a factor against or among joint adventurers (partners in a sense) contracting with the government through the means and medium of their joint adventurer, even though the government should be unaware of the interest or relation of those who claim in virtue of a contract made between their, secret associate and the government.

The presently material elements of the contract averred in the amended bill are sufficiently recited in the report on former appeal. 202 Ala. 209, 80 South. 31. The subject-matter of the agreement of joint adventure alleged in the amended bill was the then prospective securing and the performance thereafter of a government contract for the construction of an army camp; the compensation to be paid by the government being measured, exclusively, by the government stipulated percentage on the cost to the government of the work, payable in installments as the work progressed. Contingent upon the government's appointment of Blair as contractor, the complainants, under the agreement alleged, engaged, through Blair and in his name for Blair and themselves—assumed the positive obligation—to "perform the same [meaning the Blair contract with the government] by the contribution of such services, equipment, and organizations of said parties as might be deemed advantageous to the ends sought by the government." In the opinion on former appeal the like view of obligation imposed by the agreement was thus expressed:

"The contract contemplated that the government would deal with appellee [i. e., Blair], alone, but appellants were to assist in its execution. * * *"

As defined in the averments of the amended bill, the agreement's intended effect was to constitute Blair the alter ego, the representative in a distinct sense, of the complainants and himself in the contract to be secured from the government, and to assume for those Blair is alleged to have represented the obligation to perform the anticipated engagement with the government.

The cause has been considered upon the controlling issues of fact litigated by the respective parties; this, too, without regard to the at least doubtful right of the complainants, under the contract averred, to tender the but partial issue restrictedly predicated of their claim of right to a share or

shares of the "profits" collected by Blair. A vital element of the controlling issue is whether Blair had obligated himself either to satisfy the complainants in respect of the proportion of the "profits" each (with Blair) should receive—a division that was to be effected promptly upon the awarding, or signature of the government's contract with Blair—or, failing accord in that respect, that Messrs. Cramton and Joseph, as arbitrators, should determine the proportionate percentages or parts each (with Blair) should receive. This arbitral method of affording the certainty and definiteness requisite to a binding engagement between the parties was approved on former appeal of the cause. Blair contended that the whole matter of compensation vel non of complainants was left to his unlimited discretion, without obligation on him to pay to complainants or to share with them in the "profits" of the execution of the government's contract, or to submit to arbitral settlement the proportioning thereof—an unlimited discretion of like character and extent that it is conceded in the brief for appellants Blair was accorded in respect of participation vel non by these complainants in the performance of the contract the government consummated with Blair. If Blair's view of what took place, in this contractual particular, between complainants and himself, is the better supported in the whole evidence bearing on this important phase of the issue, then Blair was neither legally nor morally at fault in declining to recognize the right of these complainants to demand or to receive any part of the compensation paid him by the government or in refusing to submit the matter of asserted apportionment to arbitration.

A great volume of testimony and written evidence has been presented by which this issue must be solved. The oral and written arguments thereon by the respective solicitors have been most exhaustive, omitting no circumstances, conclusion, or deduction that could contribute to its solution or avert an unsound acceptance of any evidential factor that might deflect the judgment. The court has given the cause a very careful consideration—a review aided, inestimably, by the efforts of counsel. After and upon such consideration the conclusion of this court accords with that attained and given effect by the circuit court in equity. A discussion of the evidence bearing on the issue indicated will not be attempted. To do so would involve a valueless recital of well-nigh interminable length and a rehearsal of argument, criticism, deduction, and conclusions that would serve no possible immediate or future purpose.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.