(119 So. 241)

### SOUTHERN RY. CO. v. SCOTTSBORO WHOLESALE CO.   (8 Div. 678.)

Court of Appeals of Alabama.   Nov. 8, 1928.

Rehearing Denied Nov. 27, 1928.

L. E. Brown, of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

RICE, J. This is an action by appellee against the appellant for damages for failure of appellant, a common carrier, to deliver in good condition a carload shipment of apples, received by appellant to be delivered to plaintiff for a reward.

But two assignments of error are argued and insisted upon: First, refusal of the affirmative charge requested in writing by defendant, appellant; second, the overruling of defendant's motion for a new trial. Appellee insists that neither question can be here considered for the reasons to be stated.

The original judgment was rendered on September 6, 1927. On September 7, 1927, a motion for new trial was presented. On September 30, 1927, said motion for new trial was overruled. The bill of exceptions was presented to the trial judge on December 26, 1927. The appeal bond recites that the appeal was from the judgment rendered September 6, 1927.

Appellee asserts that the bill of exceptions shows no exception to the action of the trial court in overruling the motion for new trial, and that such ruling cannot therefore be reviewed on appeal. In this we agree. The record shows that the motion for new trial was duly presented and considered, and discloses both the judgment overruling the motion and exception by the defendant. The bill of exceptions does not, however, disclose an exception. This omission is fatal. While it has been held that neither the motion for new trial nor the judgment thereon need appear in the bill of exceptions, yet, under Code 1923, § 6088, it is necessary that an exception reserved to the ruling granting or refusing the motion for a new trial be stated in the bill of exceptions to authorize a review. Thomas v. Carter (Ala. Sup.) 117 So. 634; Morrell v. Chilton Co., 216 Ala. 263, 113 So. 229; Chambers v. Maxwell, 214 Ala. 284, 107 So. 806.

But appellee further contends that, inasmuch as the ruling on the motion for new trial is not before this court, because of failure to incorporate exception in the bill of exceptions, appellant cannot take advantage of the motion for new trial and secure additional time for presentation of his bill of exceptions; that without the motion for new trial the bill of exceptions was presented too late, this particularly in view of the fact that the appeal is from the original judgment, and that the bill of exceptions should be stricken, citing McMillon v. Skelton, 208 Ala. 693, 95 So. 148, is cited as applicable.

■ By section 6433 of the Code of 1923 it is provided that:

"Presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial."

As pointed out by the Supreme Court in J. H. Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305, the McMillon-Skelton Case dealt with the statute of 1907, and has no controlling force in a case under the amended, later statute. The provisions of section 6433, supra, are not made to depend upon the efficient reservation of an exception to the ruling on the motion. Nor is the determination of the fact of a motion and a ruling thereon limited to the recitals of the bill of exceptions. Indeed, under section 9459 of the Code of 1923, both the motion and the ruling thereon become a part of the record proper. Thomas v. Carter, supra. Hence we conclude that the bill of exceptions, having been presented within 90 days from the date of the ruling on the motion for new trial, is within time and suffices to reserve for review the rulings on the trial of the original cause.

Both sides are agreed that, the Cummins-Carmack Amendment (49 USCA § 20 [11, 12]), giving a right of action against the initial carrier for all damages occurring throughout the entire journey of an interstate shipment, does not prevent an action against the terminal carrier for damages occurring solely on its own line. Nor is there any difference between them on the proposition that a connecting carrier may be held accountable only for damage occurring subsequent to its receipt of the shipment.

Appellant requested the affirmative charge as to each count of the complaint, and on the whole case, and urges here that the evidence shows conclusively that whatever damage was suffered was due to the negligence of the initial carrier in packing the apples into the car when it reloaded them.

Counts 2 and 3 claim simply for failure to deliver in good condition. Count 4 claims as for negligent handling of the shipment by the defendant in this:

"That said apples were stacked one basket upon another to the extent of several tiers in said car thereby causing such weight on the lower tiers of said apples as to mash in the baskets and bruise and mangle said apples, said apples being stored in a non-ventilated car of the defendant and so negligently packed in said car as to cause great damage," etc.

■ The shipment originated at Elk Park, N. C. Bill of lading was issued by the East Tennessee & Western North Carolina Railroad Company (a narrow gauge road), which carrier transported the apples, in two cars, from Elk Park to Johnson City, Tenn. At Johnson City the apples were reloaded, into one car, and delivered to the defendant for transportation to Scottsboro, Ala., the point of destination. It is without dispute that the apples were in good condition and properly braced in the cars when loaded at Elk Park; that the apples were unloaded *by the initial carrier*, and reloaded *by it* at Johnson City, and delivered to defendant *in a sealed* car. It is without dispute that the apples were in good condition when reloaded, and that they were in damaged condition when the car was opened by plaintiff at Scottsboro. It is without dispute that the baskets were not braced in the car delivered to defendant. Some of the witnesses testify that they appeared to have been placed at random. Defendant's witness Ray, car accountant for the East Tennessee & Western North Carolina Railroad at Johnson City, testified that he was in charge of the transfer of cars for that road, and had charge of the reloading of this shipment; that he sealed the car on both sides, set it on the exchange track, billed it out, and turned it over to the Southern Railway Company, which accepted it as tendered in a sealed car; that no ventilated car was requested in this instance, and that they are not customarily furnished unless requested; that the freight claim agent of his road came up and inspected the apples after they were reloaded; and that the witness "don't think the baskets were braced at all."

The gist of count 4 being the *negligent packing* of the apples by defendant into the car in which they were delivered, and the evidence showing conclusively that such *packing* was done entirely by the initial carrier, defendant was entitled to the affirmative charge as to this count, and its refusal was error to reverse.

Reversed and remanded.