## SOUTHERN RAILWAY CO. v. SCOTTSBORO WHOLESALE CO. (8 Div. 68.)

Supreme Court of Alabama. Dec. 20, 1928.

Proctor & Snodgrass, of Scottsboro, for petitioner.

L. E. Brown, of Birmingham, opposed.

PER CURIAM. Petition of the Scottsboro Wholesale Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Southern Railway Co. v. Scottsboro Wholesale Co., 22 Ala. App. 636, 119 So. 241.

Writ denied.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

## CENTRAL OF GEORGIA RY. CO. v. CITY OF ANDALUSIA. (4 Div. 385.)

Supreme Court of Alabama. Dec. 20, 1928.

Steiner, Crum & Weil, of Montgomery, and Powell & Albritton, of Andalusia, for appellant.

E. O. Baldwin, of Andalusia, for appellee.

ANDERSON, C. J. "Garnishment is a remedy or process of purely statutory creation and existence. There is no authority for a resort to it—courts are without jurisdiction to grant and effectuate it—except in cases and against parties which and who are within the terms of the statute. Public corporations, such as towns and cities, are not within the purview of the statute of garnishment in this State; they are held not to be subject to this process, unless included in unequivocal terms by the letter of the statute, on grounds of public policy; and our statute does not so include them. Underhill v. Calhoun, 63 Ala. 216." Porter & Blair Hardware Co. v. Perdue, 105 Ala. 297, 16 So. 713, 53 Am. St. Rep. 124.

True, the city of Andalusia has the power to sue and be sued, but it is not given in unequivocal terms by the letter of any statute the liability of being garnished, and we regard the above case, from which we quote, as in point and controlling in the decision of this case, as the city of Greenville, then dealt with, had the right and authority to "sue and be sued, plead and be impleaded, answer and be answered unto" (Acts 1870, p. 121), and which charter provision was not amended or repealed by the Acts 1890, p. 839, amending the charter of the city of Greenville. We think the citation of the case of Porter & Blair Co. v. Perdue, supra, should suffice, but will add that it is well supported by the authorities. 28 C. J. 59; 12 C. L. p. 843; and many cases cited in notes.

The foregoing rule as to the impropriety of garnishing a municipality has been recently relaxed or modified by statute, section 8088 of the Code of 1923, but only as to the salaries of employees or officers for services performed, but does not extend to the debt or fund in question as due or promised a paving contractor.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.