(128 So. 379)

**KENAN v. MOON et al.**

**5 Div. 31.**

Supreme Court of Alabama.

Jan. 16, 1930.

Rehearing Denied April 3, 1930. Further Rehearing Denied May 22, 1930.

Holley & Milner, of Wetumpka, and Steiner, Crum & Weil, of Montgomery, for appellant.

288

Huddleston & Glover, of Wetumpka, for appellees.

FOSTER, J.

The complainant, appellant on this appeal, filed a bill in chancery against one W. P. Moon, W. R. Dean, Elmore county, and its treasurer. It alleges the issuance of a warrant by the county on its treasurer for the payment of money. The warrant is in favor of Moon, but complainant alleges an equitable interest in it, either as a lien by contract or that it belongs to a joint enterprise in which they are jointly interested. The bill alleges a transfer of the warrant to Dean, but shows that he is not an innocent purchaser for value; that Moon and Dean are not financially responsible, and, if the warrant is paid to either of them he will sustain a loss of his rights, and that the county treasurer is about to pay the amount of the warrant to Dean, and seeks an injunction against the county and its treasurer and an accounting against Moon.

The record does not show that Moon or Dean has made an appearance or any nature of defense. The county and its treasurer separately appeared and demurred because there is no equity as to them respectively, and because they are improper parties. The court sustained the demurrer of each of them, and complainant has appealed and assigned such decree as error. The sufficiency of the bill is therefore tested only in so far as these parties are concerned.

If the subject-matter is without the jurisdiction of the court of chancery, so that no relief could be granted against Moon and Dean on decree pro confesso, then no relief could, of course, be decreed against these appellees. Relief against them is only incidental and remedial, and dependent upon relief being decreed against the other respondents.

We think that on decree pro confesso the court of chancery has jurisdiction of the subject-matter. The bill avers that complainant has an interest in what may be termed a joint adventure. Anderson v. Blair, 202 Ala. 209, 80 So. 31; Id., 206 Ala. 418, 90 So. 279. Under such circumstances, though a suit at law may afford relief, equity has jurisdiction to decree an accounting. Saunders v. McDonough, 191 Ala. 119, 67 So. 591; Id., 201 Ala. 321, 78 So. 160; Hill v. Hill, 208 Ala. 659, 95 So. 29; Lunsford v. Shannon, 208 Ala 409, 94 So. 571.

Under those circumstances, it is our judgment that the court of chancery taking jurisdiction, unless in violation of public policy, may and should allow the county and its treasurer to be made parties and grant full and complete relief by restraining the payment of said warrant until the court shall decree the respective rights of the parties, and then direct how it shall be paid, or permit the amount of it to be paid into court to await a final determination of the conflicting claims. Such was in effect the situation of the case of Hicks v. Meadows, 193 Ala. 246, 69 So. 432, wherein the complainant claimed an equitable right to a certificate of deposit issued by a bank, and to which respondent owned the legal title. The court held on a bill to fix the equitable interests of the parties that it would grant full relief, and to do so the bank was a proper party. The same was true in Morris v. So. Realty Co. & Const. Co., 203 Ala. 600, 84 So. 809.

The relief sought in this case cannot affect the rights of the county or its treasurer or add to their liability. We do not think that the right to make them parties is affected by the inability of the county voluntarily to withdraw the warrant (as argued by counsel for appellee). The existence of the warrant is not material to the question of whether the county is a proper party. The relief is for an equitable adjustment of conflicting claims to the proceeds of the debt for which a war-

rant was issued, after a judgment had been rendered against the county. We see no reason why the county and its treasurer may not be made parties, as the banks were in the cases last cited above, in order that the court may preserve the funds in dispute to distribute according to the equitable claims of the parties, unless it is against public policy to do so.

We assume that the demurrer of the county and its treasurer was sustained upon the theory that, on account of public policy, a county is not subject to such interference with its public affairs by process of this nature, as, for like reasons, such public corporations have long been held free from process as garnishee. 28 C. J. 58; Mobile v. Rowland, 26 Ala. 498; Porter, etc., Co. v. Perdue, 105 Ala. 293, 16 So. 713; Cent. of Ga. Ry. Co. v. Andalusia, 218 Ala. 511, 119 So. 236; Skewes v. Tenn. C. I. & R. R. Co., 124 Ala. 629, 27 So. 435, 82 Am. St. Rep. 214. We may treat the prayer for injunction against the county and its treasurer as of a nature somewhat similar to a garnishment, in so far as the question of public policy is concerned. But this analogy has its limitations. 6 McQuillin on Municipal Corporations (2d Ed.) § 2682 (2518). In a series of cases in Missouri, a proceeding of this nature is permitted against a city when not against public policy, and it is referred to as being of the character of an equitable garnishment, though a statute prohibits garnishment against a city. De Field v. Harding Dredge Co., 180 Mo. App. 563, 167 S. W. 593. Equitable attachments in general (which include garnishments) are permitted expressly by statute. Sections 6609–6611, Code; Riordan v. Schlicher, 146 Ala. 615, 41 So. 842.

It is said in Pendleton v. Perkins, 49 Mo. 565, 569, 570, as noted in McQuillin, supra: "The court, in analogy to the former relief in chancery, would disregard the letter of the statute forbidding garnishment [against cities], but would conform to its spirit and refuse to interfere when the reason for the prohibition existed." We have in Alabama no statute forbidding such garnishments, and it would seem that the chancery court should conform to the spirit, but only to the spirit, of the rule of public policy which in Alabama forbids the process of garnishment directed to cities and counties. Speed v. Brown, 10 B. Mon. (Ky.) 108, 111.

But the Legislature of Alabama by the Act of September 26, 1923 (Code 1923, § 8088), provided that counties and cities may be garnished for moneys due by them to officials or employees of such cities or counties as salary for services performed. Such salary is not subject to garnishment until after the rendition of judgment. Section 8091, Code. This statute relaxes the rule of public pol-

icy to the extent and for the purpose indicated. In garnishment proceedings the relaxation is limited by the strict terms of the statute. Cent. of Ga. Ry. Co. v. Andalusia, supra. We take it that the spirit of such relaxation likewise has application in the chancery court. We do not think that the change of public policy thereby manifested is, in the chancery court, bound by all the terms of the enactment as to the procedure there prescribed. Since the enactment of such statute, we conclude there is no public policy in this state which precludes the enforcement in the chancery court of a lien upon or equitable interest in an amount due by a city or county to an officer or employee of the city or county as salary for services performed. Code 1923, § 8088.

The record sufficiently shows that the debt due by the county arose out of a contract of employment of Moon as a civil engineer, though the work is alleged to have been rendered principally by appellant under Moon's contract rather than by Moon himself, though he received the warrant for the amount of compensation for the service, after having obtained a judgment against the county.

For these reasons we have reached the conclusion that the bill was not subject to the demurrer by Elmore county, or its treasurer, and the decree of the circuit court is reversed, and one is here entered overruling such demurrer, and allowing appellees thirty days in which to answer the bill.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, J.

Upon a further consideration of this case, we are persuaded that the principles stated in general terms in the former opinion are correct and are sustained by our case of Jaffe v. McAdory, 202 Ala. 53, 79 So. 391, which had not then been observed by us and by the states generally. 60 A. L. R. 826. But there are two other questions involved which were not then fully considered, not having been argued in brief. We are now convinced that the nature of contract alleged in the complaint between the county and Moon was not such an employment as carried a *salary* as compensation within the meaning of section 8088, Code. Salary is said to be a periodical allowance as compensation for official or professional services. Autauga Banking & Trust Co. v. Allen, 220 Ala. 478, 125 So. 805.

The allegations of the bill do not indicate such a contract of employment as carried a *salary* for compensation, but seems to

be more in the nature of a contract for a piece of work for a stipulated sum—similar in some respects to an independent contract rather than one of employment, and in the nature of that treated in the case of Central of Georgia Ry. Co. v. Andalusia, supra. Therefore, if we treat the bill as in the nature of an equitable garnishment, we now conclude that we were probably in error in finding that the bill showed a contract of employment on a salary basis.

We are constrained, however, to conclude that the result is not different on that account, because in said former opinion we failed to observe that the purpose of the bill is not one of the nature of an equitable garnishment when properly considered. But its purpose is rather to enforce an equitable lien in the nature of an assignment of a claim against the county. It is true that the principle is fully settled that the fees or emoluments of an office or employment cannot be assigned until they have been earned, but that this may be done after they are earned. Schloss v. Hewlett, 81 Ala. 266, 1 So. 263; Stewart v. Sample, 168 Ala. 270, 53 So. 182; Jaffe v. McAdory, supra.

But, in the absence of a prohibition of an assignment without the consent of the county, an assignment of a contract not necessarily personal in its character is valid, and the assignee of the contractor may recover against the county. 44 C. J. 132; 19 R. C. L. 1080. It may be true that the services to be performed under the contract here in question were personal in nature. But it results from the allegations of the bill that the county accepted the performance of the services by complainant for the contractor, and that upon such performance the contractor sued for and obtained a judgment against the county. It does not appear to be material, in respect to a contract of this nature, that there was an assignment before performance of it, if the county has accepted performance by the assignee. 19 R. C. L. 1080. The controversy now is wholly between the contractor and complainant, and the county has no interest. It has issued its warrant to the contractor upon the completion of the contract, and complainant is merely seeking to fasten upon the debt an equitable claim resulting from the arrangement between him and the contractor of the county. Such an arrangement is not void after the county has accepted the benefit of services of complainant under it, and has issued its warrant in accordance with the judgment of a court.

The application for rehearing is therefore overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.