(125 So. 805)

## AUTAUGA BANKING & TRUST CO. v. ALLEN (CROSLAND, Garnishee).

(3 Div. 914.)

Supreme Court of Alabama. Jan. 23, 1930.

E. W. Wadsworth and Eugene Ballard, both of Montgomery, for appellant.

Arthur B. Chilton, of Montgomery, for appellee.

SAYRE, J. The Autauga Banking & Trust Company commenced the proceeding in this cause with the purpose to collect from D. W.

Crosland, as probate judge of Montgomery county or individually, garnishee, a judgment which the banking company had recovered against defendant, Allen, in the circuit court of Montgomery at the January term, 1928, on a demand due in 1921. Plaintiff bank sought to subject to the payment of its judgment fees in the hands of the garnishee earned by defendant as license inspector in performing the duties delegated to him by section 25-b of the Act approved September 13, 1923, entitled an act "Relating to and to further provide for the revenue of the State of Alabama by providing for the registration and identification of motor vehicles," etc. Acts, p. 284 et seq.

The Act of September 26, 1923 (Acts, p. 575 et seq.), provided for the first time in this state that "money due officials or employees of a city, county, or state government, or any department, or institution thereof; as salary for services performed for or on behalf of said city, county or state, or any department or institution thereof, may be garnished," but limited the application of the act in this language: "The term salary, as herein used, is not intended to include or cover costs and charges of court, or fees, commissions, percentages or allowances of public officers, and such are not subject to writs of garnishment under the provisions of this act." The further provision, among others, of the last-mentioned act, is that "the judgment, on which such writ can issue, must be founded upon a debt, demand or claim against said Defendant, which originated subsequent to the date of the approval of this Act."

This appeal raises the question, for one thing, whether the compensation provided by the act of September 13, 1923, supra, for license inspectors, is salary or fees. The act (section 25-b) deals with license inspectors along with "other state officers." The defendant was an officer of the state; the act refers to and deals with him as such. The Act further provides that: "From penalties collected [in the discharge of his official duties, as the section shows] the license inspector shall be paid all fees due him for services, as provided in this Act," to wit, 15 per cent. of the amount of the license collected from each delinquent, who is required to pay such per cent. in addition to the charge for license. By salary we mean in general a periodical allowance as compensation for official or professional services. 34 Cyc. 1826. By fees we mean compensation for the performance of particular acts or services rendered in the line of some duty. 25 C. J. pp. 109–110. The judgment of the court, upon consideration of the language of the Act of September 13, 1923, of the evident policy of the exemption provided by the Act of September 26, 1923, and the authorities cited, is that the statutory compensation of a license inspector must

be regarded as fees which are exempt from condemnation by the writ of garnishment, and with respect to the conclusion thus stated it is of no consequence whether the garnishee held them as probate judge or as a private citizen. There was no suggestion that the sum of the fees in question, or any of them, had ever reached the hands of the defendant. Until then they were fees, and, as such, they were protected by the exemption provided by the statute.

Another reason might be assigned for the conclusion reached. But there is no need to make any further statement as to that.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.