153 So. 223

SHEPHERD v. JONES (BOARD OF REVE-
NUE OF TUSCALOOSA COUNTY,
Garnishee).

6 Div. 523.

Supreme Court of Alabama.
March 1, 1934.

Rehearing Denied March 22, 1934.

___

[1] 227 Ala. 46.

R. C. Price, of Tuscaloosa, for appellee.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

Foster, Rice & Foster, of Tuscaloosa, amici curiæ.

THOMAS, Justice.

A question of importance to the several political subdivisions of the state and to its governmental agencies, is the construction of section 8092 of the Code from the act of 1923, Acts 1923, pp. 575, 576 (section 2).

The American rule that has long prevailed in this state is, that the salary of a

public officer cannot be garnisheed. Pruitt v. Armstrong, 56 Ala. 306; Ex parte Hurn, 92 Ala. 102, 9 So. 513, 13 L. R. A. 120, 125, 25 Am. St. Rep. 23; Skewes v. Tennessee Coal, Iron & Railroad Co., 124 Ala. 629, 632, 27 So. 435, 82 Am. St. Rep. 214.

In 12 R. C. L., p. 842, § 81, this general rule is stated: "In the absence of express statutory provision clearly evincing the intention to grant the use of the process of garnishment against counties, *public policy* forbids that they should be subjected to the process." (Italics supplied.) Edmondson v. De Kalb County, 51 Ala. 103; 28 C. J. page 58, and many authorities.

This rule, however, was sought to be changed by the act of 1923 (Acts 1923, p. 575), or modified to the extent stated in the act and as limited by the Constitution, as indicated in the Codes of 1928 and 1923, §§ 8088, 8092.

The terms of this act recognized that expressly or by implication, it may not be extended or applied to federal officers. Buchanan v. Alexander, 4 How. 20, 11 L. Ed. 857; 12 R. C. L. pages 802, 842, 843. The question of the provisions as to the state and section 14 of the Constitution is not now presented. And as to counties and municipal corporations, they are embraced in the terms of the act of 1923 (Acts 1923, p. 575) which will be strictly construed. Autauga Banking & Trust Co. v. Allen, 220 Ala. 478, 125 So. 805; Central of Georgia Ry. Co. v. City of Andalusia, 218 Ala. 511, 119 So. 236; Kenan v. Moon, 221 Ala. 286, 128 So. 379.

The statute was adverted to in Central of Georgia Ry. Co. v. City of Andalusia, supra, declaring that section 8088 of the Code applies to salaries of employees or *officers for services performed*, but not to debts or *funds due or promised* by a city *to a paving contractor;* and in Autauga Banking & Trust Co. v. Allen, supra, that the statutory compensation by way of fees of a license inspector under the state tax commission, earned in performance of duties delegated to him under the act of 1923 (Acts 1923, p. 294, § 25-b), is as fees exempt from condemnation of garnishment, and is not a salary within the terms of the statute, Acts 1923, p. 575.

The statute was again construed in Kenan v. Moon, 221 Ala. 286, 289, 128 So. 379, 382, where it was held that counties and cities may be garnisheed *for moneys due by them to officials or employees as salary for services performed* (after rendition of judgment against such official), "to the extent and for the purpose indicated" by the "strict terms of the statute," and that it has "application in the chancery court" under its recognized procedure.

The answer of the county, as garnishee, through its authorized agent for making such an answer, was pursuant to the resolution of its board of revenue and to the effect, "that said Board decline and refuse to assent or consent that judgment may be entered against it as garnishee in that certain cause of T. R. Jones, plaintiff v. J. H. Shepherd, defendant, Tuscaloosa County, a Body Corporate, Garnishee. * * * That the said Secretary also in his said answer or report to said Court also show whatever indebtedness is due by the said Tuscaloosa County to the said J. H. Shepherd, but with the understanding that the said Tuscaloosa County does not assent or consent that any judgment be rendered against it as Garnishee in said cause."

The answer to the circuit court was pursuant to that resolution, admitted an existing indebtedness to and due the official of $150, and recited the resolution of the board denying assent and consent that a judgment be rendered.

The judgment rendered pursuant to plaintiff's motion and on such answer was that "judgment is entered herein against the garnishee, Tuscaloosa County, a body corporate, in the sum of $150.00 on its answer. It is, therefore, considered by the court and it is the order and judgment of the court that the plaintiff, T. R. Jones, have and recover of the garnishee, Tuscaloosa County, a body corporate, the said sum of $150.00, together with the costs of this suit. The defendant, J. H. Shepherd, and garnishee, Tuscaloosa County, a body corporate, each except to the action of the court in entering this judgment."

The effect of this judgment is that officials of counties and municipalities in the state may be garnisheed *with or without* the "assent and consent" of their governing bodies, and that the *state of Alabama* only has the right and power to "assent and consent" under the express reservations reserved to it in section 2 of the act of 1923, Acts 1923, p. 575.

To a better understanding of the original act, it will be noted that its title was:

"To subject the salary of officials and employees of a city, county or state government, or any department or institution thereof, to writs of garnishment, issued on judgments ex-contractu founded upon debts, demands or claims, which originated subsequent to the

date of approval of this Act; to provide upon whom such writs may be served, and how answered; and to provide for service of writ upon an official or agent of the State, the answer to said writ by such agent or official, the judgment thereon, and the legal effect of such service, and judgment."

Its section 1 contained among other things the following:

"Money due officials or employees of a city, county, or state government, or any department or institution thereof, as salary for services performed for or on behalf of said city, county or state, or any department or institution thereof, may be garnished. In such cases, the writ of garnishment may be served on the person authorized by law to draw the warrant on the treasury of said government, or to issue a check for such salary so due, and such person shall be required to answer said writ in accordance with the mandate thereof, and as provided by law." Acts 1923, pp. 575, 576 (Code, §§ 8088, 8089).

Section 2 of the Act, codified as section 8092 of the Code, provides in part as follows:

"Where an official of the State of Alabama or other person herein designated, has been garnished, as provided by the preceding section, and answer has been filed by said person, in accordance with the mandate of said writ, admitting that the said State of Alabama is due, or will be due, the defendant in said garnishment proceedings, money for salary, and has said money ready for payment when due, the said answer must also show the assent of said person that judgment may be entered in said cause for the amount shown in said answer, or so much thereof as may be necessary to satisfy plaintiff's judgment. And in no case shall judgment against said official, or other person herein designated, as the agent of the state, be entered on said answer, or in said garnishment proceedings, unless such assent and consent to said judgment is shown in said answer."

■ We confine this decision to the question here presented, whether the "assent and concurrence" (provided in section 2 of the act, Acts 1923, p. 576, codified as section 8092, Code) applied to "cities and counties" and bodies corporate that are subject to suit as provided by law? That part of the statute is plain and unambiguous, and its own interpreter, that "where an official of the State of Alabama or other person herein designated, has been garnished," answering with author-

ity, admitting "that the said State of Alabama is due," etc., said answer, as such "official or agent of the State of Alabama, as garnishee," must "show the assent * * * and consent to said judgment." (Italics supplied.)

The Legislature was mindful of the constitutional inhibition that the state of Alabama shall never be made a defendant in any court of law or equity (section 14, Constitution), and sought by section 2 of the act (Acts 1923, p. 576) to safeguard this right for the state and its answering agent, as against the codification of the act immediately required by law to be codified. In re Fred Fit · (Ala. Sup.) 152 So. 246.[1] The express mention. of the state in the context of section 8092 of the Code, implies or operates as an exclusion of other municipalities, as cities and counties, and that it was the intent to provide the remedy of garnishment against county and city officials' salaries, and "relax the rule of public policy theretofore declared to the extent and for the purposes indicated," so far as this may be done under the Constitution, § 14, and section 8091 of the Code. Kenan. v. Moon, 221 Ala. 286, 128 So. 379; Tribune Reporter Printing Co. v. Homer, 51 Utah, 153, 169 P. 170.

It will be conceded that under section 809½, et seq., of the Code, the term "state" as employed in the statute was intended for the protection of immediate and strict governmental agencies of the state, as its state board of administration, state docks commission, Alabama Polytechnic Institute, the University of Alabama, the State Insane Hospital, and other mere governmental agencies. Alabama Industrial School v. Addler, 14½ Ala. 555, 42 So. 116, 113 Am. St. Rep. 58; Alabama Girls' Industrial School v. Reynolds. 143 Ala. 579, 42 So. 114; State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Finnell v. Pitts, 222 Ala. 290, 132 So. 2; State v. Clements, 217 Ala. 685, 117 So. 296; State Docks Commission v. Sossaman, 227 Ala. 700, 149 So. 923.

We cannot, in the face of section 14 of the Constitution and the strict construction required of this act, hold that the county and cities are within the protection provided by section 8092 of the Code.

Nothing herein is intended, nor can be construed, as saying that the statute has application where the salary of any officer of the state is involved.

[1] Ante, p. 4.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

