4 So.2d 186

EMERSON v. STATE.

6 Div. 829.

Supreme Court of Alabama.

March 27, 1941.

Rehearing Granted June 5, 1941.

384

*     *     *     *     *

DeGraffenried & McDuffie, of Tuscaloosa, for petitioner.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., opposed.

FOSTER, Justice.

The statement in the opinion of the Court of Appeals, that in order to review the judgment on motion for a new trial, when the bill of exceptions cannot be considered to review the original judgment, there must be an appeal from the judgment on the motion on the authority of McMillon v. Skelton, 208 Ala. 693, 95 So. 148, is a principle now obsolete.

But at that time Section 6433 of the Code, Code 1940, Tit. 7, § 822, had not been so amended as that a bill of exceptions could preserve for review the rulings on the main trial by presenting the bill within ninety days after the ruling on the motion. The practice then was sometimes observed to have a bill of exceptions presented within ninety days after the original judgment, and if the motion for a new trial had not then been acted on, to have another bill presented for the ruling on the motion under what was then Section 2846, Code of 1907, which applied only to civil cases. The case of McMillon v. Skelton, supra, was then apposite, that when there was no bill of exceptions to review the original judgment, in which the ruling on the motion could be assigned for error if included in it, there must be an appeal from the judgment on the motion, with a separate bill of exceptions for it.

But it was pointed out in Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305, that the amendment to Section 6433, Code, permitted one bill of exceptions, that may

be presented more than ninety days after the original judgment but within ninety days after the ruling on the motion was made, in which both matters could be reviewed. It was then permissible to appeal from the original judgment and assign errors on it as well as on the motion, though the bill may have been presented more than ninety days after its rendition but within ninety days after the ruling on the motion. Section 6088, supra, Code 1940, Tit. 7, § 764, now applies to civil and criminal cases alike. And as to criminal cases this was also expressly so enacted by the Act of September 2, 1935, General Acts 1935, p. 690, Code 1940, Tit. 15, § 368, amending Section 6105, Code, by adding the following provision:

"* * * provided, however, that the trial Court shall retain jurisdiction of the cause for the purpose of hearing and determining a motion for a new trial, seasonably made, and any appeal from a judgment of conviction shall also raise the question of the correctness of the Court's ruling on a motion for a new trial made within the time allowed, and in the manner prescribed by law."

Another matter of consequence decided by the Court of Appeals is that Section 6433, Code, does not postpone the time for presenting a bill of exceptions to ninety days after the ruling on the motion, unless that ruling is properly presented for review under Section 6088, Code, by making the required reference to it in the bill of exceptions.

But in the case of Southern R. Co. v. Scottsboro Wholesale Co., 22 Ala.App. 636, 119 So. 241, certiorari denied 218 Ala. 511, 119 So. 242, it was held that the extension of time in section 6433, Code, is not dependent upon the sufficient reservation of an exception to the ruling on the motion nor upon the recital in the bill of exceptions of the fact of the motion and ruling on it. To like effect is Richards v. Williams, 231 Ala. 450(8), 165 So. 820.

Upon the authority of those cases which are not in conflict with Stallings v. Clark, et al., 218 Ala. 31, 117 So. 467, the conclusion reached by the Court of Appeals in the instant case does not give section 6433, supra, proper interpretation and effect.

Our former opinion and judgment denying the writ are therefore withdrawn and set aside on application for a rehearing, and the foregoing opinion is substituted for it.

Application for rehearing is granted.

Certiorari granted; judgment of the Court of Appeals reversed and remanded.

All the Justices concur, except KNIGHT, J., not sitting.