JONES, Justice
(concurring specially):
I concur specially in order, hopefully, to clarify what I believe is a misunderstanding created by confusing language in Rule 4(b), ARAP. The Rule does not specifically address itself to the practical aspects of appeals in criminal cases. Unlike civil cases (because of the appeal bond situation) many, if not most, criminal cases require the filing of the notice of appeal immediately upon sentencing.
The literal wording of Rule 4(b) creates the impression that a second notice of appeal may then be filed within 42 days from the order overruling the motion for a new trial effecting the running of a new timetable. This is not the intent of the Rule. Indeed, the Court of Criminal Appeals has promulgated a supplemental rule, which, I believe, is a good one, clarifying this situation:
The Court of Criminal Appeals hereby orders that, when notice of appeal is given before the timely filing of a motion for new trial and timely ruling thereon, the time for the filing of the court reporter’s transcript and the clerk’s record shall be tolled. The time for filing shall be governed by the rules of Alabama Appellate Procedure rule 11(b) and 11(c), as if notice of appeal had been given on the date of the overruling of the motion for new trial, timely filed and ruled upon.
See also Comment to Rule 4(b), and Emerson v. State, 241 Ala. 383, 4 So.2d 186 (1941).
In other words, the second notice of appeal (following the order denying the motion for a new trial) was out of order and nothing was effectuated thereby. This would not be the case, however, if this notice had been the first and only notice of appeal filed; and, in this event, the filing of the record on appeal with the appellate clerk would have been timely. The court reporter’s 56 days for filing of the transcript began on August 10 (or, stated another way from August 9 — the date of the order overruling the motion of new trial), and the record on appeal was due in the appellate court not later than October 11 (56 days plus 7 days).
I feel confident that the Court of Criminal Appeals, upon remand of this cause, will take into consideration, in the exercise of its sound discretion as authorized by the Rules, the misunderstanding which results at least in part from the unclear language of Rule 4(b).